JAMES H. PETERSON *versus* EBENEZER GROVER & al.

The rule, that parol testimony is not to be admitted to vary an instrument in writing, prevails as well in equity as at law. But courts of equity admit of an exception to it, where a mistake is alleged; and if clearly proved or admitted, they will give relief.

If a mistake be made in a deed of land, according to the rules of equity, it should be reformed, and the mistake corrected, so as to make the deed read as it should have done.

It is also a rule, that he who seeks equity should do equity. But this rule does not extend so far, as to make one who had committed a mistake, responsible for all the remote consequences, which may arise out of its leading others to commit errors by placing confidence in its accuracy, instead of examining for themselves.

BILL in equity, heard on bill, answer, and proof. The facts are stated in substance in the opinion of the Court.

*Thacher*, for the plaintiff, said the mistake. set forth in the bill was admitted in the answer; and the defence sets up an alleged injury to himself, to which the plaintiff was neither party nor privy, to justify an admitted mistake and wrong to the plaintiff. The plaintiff is not bound to redress the injuries inflicted upon the defendant by others. The principle that he who seeks equity must do equity, does not extend thus far. The principle is correctly laid down in *Second U. Society* v. *Woodbury*, 14 Maine R. 283. The subject matter must be the same and a part of the same transaction. The Court will not assist a mere wrongdoer. 1 Story's Eq. 77. The answer is no evidence where it is not responsive to the bill. *O'Brien* v. *Elliott*, 15 Maine R. 125. Where a mistake in a deed is shown, a court of equity will correct it. 1 Story's Eq. 164, 171, 174; 1 Mad. Ch. 48, 49, and notes. Under a general prayer for relief, the proper relief will be granted. Story's Eq. Pl. 40, 41, and notes.

*Hobbs* argued for the defendants. The general grounds taken by him are stated in the opinion of the Court. He cited 1 Story's Eq. 608, and 2 Story's Eq. § 799.

The opinion of the Court was drawn up by

SHEPLEY J. — The bill alleges, in substance, that in the year 1821, the complainant made a mistake in writing a deed of release of a lot of land in the township now called Cutler, by writing the word south-east instead of south-west, in stating the first bound of the lot. That the effect of this mistake was to describe the lot immediately easterly and adjoining, which was owned by the complainant in fee, instead of the one intended to be conveyed, in which he owned only the improvements. That the lot intended to be conveyed, or part of it, is now numbered twenty-one, and that conveyed is numbered twenty. That one of the grantees entered upon and has continued to possess the lot intended to be conveyed, while the complainant and his grantees have continued in the possession of the one conveyed. The mistake is clearly proved by the testimony, and is admitted by the answers. The rule,

that parol testimony is not to be admitted to vary an instrument in writing, prevails as well in equity as at law.  Courts of equity admit an exception to it, where a mistake is alleged ; and if it be clearly proved or admitted, they give relief.  This is a case in which, according to the rules of equity, the deed should be reformed by correcting the mistake, unless the matters set forth in the answers vary the rights of the parties.  The grievances alleged by the respondents, and for which one of them claims to have compensation made before the error is corrected, so far as they are proved by their own testimony, are in substance these.  That the complainant was employed by Jones and others, the owners in fee of the lot intended to be conveyed, to survey it, when, in the same year, 1821, one of the respondents purchased it of them.  That he was instructed to run out one hundred acres of good land exclusive of the heath, and that he did so run it out.  That there were about fifty acres of heath found in the lot, not computed as part of it.  That eight or nine years ago the complainant was again employed to run out the land lying northerly of the lot, and that he ran the southerly line of the lot, now partially designated as lot numbered seven, so as to take off a large number of acres belonging to lot 21, as it was originally surveyed.  That there was a large quantity of timber on the part so taken off, constituting the principal value of the whole lot.  That when the fee of the lot was purchased of Jones and others, the deed was made by copying the boundaries of the lot described in the deed from the complainant.  That Jones and others, in the year 1832, conveyed lot numbered seven to Marston and others, who prosecuted one of the respondents for cutting, where he alleges it should have been in his own lot, and that he was obliged to pay damages for it.

The argument for the respondents is, that if the deed from the complainant had described and conveyed lot 21, they should have acquired by that deed and by the deed of the fee of the same, a good title as far northerly as the spotted tree, named in the deed as the north-east corner, although it might have stood more than two hundred and seventy-one rods from

the first bound.  That in consequence of the deed from Jones and others to Marston· and others, they cannot, if the mistake in. their deed be now corrected, hold the title to that extent against them ; and must ·lose the most valuable portion of their land, through an error originating with the complainant.  The allegations and proofs, out of which this argument arises, are many of them strongly controverted : but let them for this purpose be regarded as proved.  The inquiry will then arise, how far the complainant is responsible for such a result.  It does not appear, that he made or had any connexion with the deed from Jones and others to one of the respondents.  If the mistake in his deed to them be corrected, it will still convey, whatever change may have taken place since, all that it was intended to convey, the improvements on the lot.  If the respondent, who received the deed from Jones and others with warranty, obtained no title, it is to be presumed he will obtain a full indemnity for the loss of it.  Or if by any process the error in that should also be attempted to be corrected, and it should be found, that by reason of subsequent grants made by them, it could not be so corrected as to operate as it would have done, had it been correctly made, it is to be presumed, that the Court would give relief only upon the principle ·of making one who seeks equity, do equity.  It would be a hard rule to hold, that one who had committed an error, was responsible for all the remote and possible consequences, which might arise out of its leading others to commit errors by placing confidence in its accuracy, instead of examining for themselves.  This would make him responsible not only for the consequences of his own errors, but for the negligence of others.  There is little occasion for it here, where there is apparently a sufficient remedy for all losses against the parties, who conveyed the fee, and who are responsible for their own errors on their covenants. The complainant does not appear to have committed any fraud in the original survey of the lot, for the proof is, that it was run out according to his instructions.  The surveys, which he has since made, cannot affect the title, and cannot therefore have occasioned any essential injury.  The complainant is en-

titled to have the mistake corrected by a reform of the deed so as to make it read as it should have done, and to a decree, that will secure the rights of the parties accordingly.

As he made the mistake, which has brought difficulties upon the other parties as well as upon himself, he is not entitled to costs. Nor are either of the respondents, for they had an opportunity of relieving themselves from expense and trouble by a voluntary correction of an admitted error.