## MOSES GOODELL v. TIMOTHY FIELD.

### (In Chancery.)

A court of chancery will correct a written instrument where, through fraud, or mistake, it was written different from the intention of the parties.

Parol proof is admissible to prove such mistake; but it must be clear and strong to induce a court of chancery to interfere.

When a party has not fulfilled an agreement of sale by performance on his part, and offers no excuse for his neglect, a court of chancery will not compel the other party to perform his part of the agreement.

THIS was an appeal from a decree of the court of chancery dismissing the orator's bill.

The orator, in his bill, set forth and charged, in substance, that, on the 1st of January, 1836, one Lewis Robbins, a son-in-law of the orator, being the owner of a certain piece of land in Westminster, on which the orator resided, of the value of $1000, and desirous to assist the orator to have a home, and being, moreover, under a necessity to dispose of said premises, proposed to sell the same to the orator for $600, and as the orator had not the means of immediate payment, required by Robbins, he proposed to orator that he should apply to some money lender to advance said sum, and give him time to pay the same with interest—taking security on said premises; that the orator applied to the defendant for said loan for six years; that the defendant agreed to advance the said $600; and thereupon it was agreed between them that the defendant should take a conveyance of the premises from Robbins, and give the orator a lease of the same for six years, at the annual interest, or rent, of $36, with a covenant that if the orator should, at the end of said term—the interest, by way of rent, being, in the mean time, paid—pay said $600, the defendant would convey the premises to him in fee;—that Robbins executed a conveyance of the premises to the defendant, and the defendant received the same, under said understanding; that, soon after, the defendant called on the orator with a lease ready drawn, read a few lines of it, professed to be in haste, but assured him that the lease was drawn according to the agreement; and that the orator, confiding in the defendant, executed said lease, without reading the same; that he subsequently found that it required the payment of $100 of the principal annually, besides the interest, and that he, thereupon, applied to defendant to have the lease corrected; that he paid the annual interest, as stipulated, for the first five years, and, at the end of said six years, tendered to defendant the said $600, with the last year's interest, and requested a conveyance of the premises, which defendant refused to give; and praying that said lease might be corrected, and the defendant decreed to accept said sum so tendered, and convey the premises to the orator.

The defendant, in his answer, denied any knowledge of the proposition alleged by the orator to have been made by Robbins to orator, in regard to the purchase of the premises,

and an application for a loan to pay for the same ; and denied that the orator applied to him to loan any money for that purpose or for any other purpose ; and also denied the alleged agreement with orator to give him a lease with a covenant to convey to him the premises upon the payment of the annual rent of $36, and the payment of $600 at the end of six years, and that Robbins executed the conveyance with such an understanding ; but alleged that Robbins having purchased the premises subject to a mortgage, and having mortgaged the same to secure the payment of a portion of the purchase money, and being not well able to pay said mortgages, was desirous of disposing of his interest in the premises ; that the defendant having learned this, and desiring to purchase the premises, applied to the orator, who occupied the same — the said Robbins residing in Boston — to learn whether Robbins was disposed to sell — which the defendant alleged was his first conversation with orator on the subject.

And the defendant further alleged, that, having reason to suppose that a permission by the purchaser of the premises to the orator to occupy them for a while, paying rent, would be an inducement to Robbins to sell the same, he suggested to the orator that, upon the purchase, he would lease the same to the orator for six years ; that orator replied that he had hoped to be able to make the purchase himself, and that Robbins would prefer to sell to such person as would be willing to sell to the orator, if he would pay therefor by yearly instalments of $100, which he stated that he should be able to do ; that the defendant, deeming it improbable that the orator would be able thus to pay said instalments, thereupon agreed to purchase the premises—to lease the same to the orator for six years, upon an annual rent of $36, and, on the payment of said rent, and $100 annually for six years, to convey the same to the orator in fee ; that he, the defendant, after the purchase from Robbins, drew a lease in accordance with said understanding, and *twice* read the same in the hearing of the orator, and handed it to him to read ; whereupon the orator signed said lease and delivered it to the defendant. The defendant admitted the payment, annually, of the said rent, for five years, and that, at the expira-

tion of said six years, the orator tendered to him the said $600, together with the rent for the sixth year.

The answer was traversed, and testimony taken. Among the witnesses were the said Lewis Robbins and two daughters of the orator, referred to in the opinion of the court. The import of the testimony sufficiently appears in the opinion.

*A. Keyes*, and *D. Kellogg*, for the orator.

1. If a deed, through fraud or mistake, is not made according to the agreement of parties, it may be corrected in chancery ; and parol testimony is admissible to prove such fraud or mistake. 1 Mad. Ch. 49, and cases cited ; *Langly v. Brown*, 2 Atk. 203 ; *Gillespie v. Moon*, 2 Johns. Ch. R. 585 ; *Gales* v. *Green*, 4 Paige. R. 355 ; *Ball* v. *Storie*, 1 S. & S. R. 355 ; same case, 1 Cond. Ch. R. 106 ; Am. Ch. Dig. 290.

2. Such parol testimony is admissible where the bill seeks a correction of the instrument, and a specific performance of the contract thus corrected. 1 Story's Equity, 175 ; *Keiselbroek v. Livingston*, 4 Johns. Ch. R. 144 ; *Gillespie v. Moon*, 2 Johns. Ch. R. 585 ; *Ball* v. *Storie*, 1 S. &. S. 210 ; 1 Cond. Ch. R. same case, 106.

3. If it was a conditional contract to convey, and the *time* was not material and not of the essence of the contract, there is still an equity. *Campbell* v. *Worthington,* 6 Vt. R. 455 — especially if it is apparent that the transaction assumed this shape to disguise a loan. 2 Story's Equity, 285.

*W. C. Bradley*, for defendant.

This is not a bill in favor of Robbins to enforce any provision, or trust, in consideration whereof he delivered the deed, nor for any fraud practised on him, in obtaining the deed, nor for anything growing out of the privity between him and the defendant ; of course, he, not being a party, his intentions or motives are of no consequence in this suit.

On the other hand, it is evidently to establish and enforce a pretended agreement for the conveyance and sale of land from Field to Goodell, who was a stranger to the title, and from whom no consideration moved. If such an agreement, by parol, had been made, in the fall of 1835, or even so late

as the time of the execution of the deed from Robbins, it could not have been enforced by Goodell, either as a trust, or otherwise, if it had not been reduced to writing.

But the agreement having, at a subsequent time, been reduced to writing, cannot now be explained away or contradicted by parol testimony, so long as the writing subsists, that instrument being taken, in equity, as well as at law, as the exponent of the final intention of the parties.

The opinion of the court was delivered by

WILLIAMS, Ch. J. — The object of the bill, in this case, was to correct a written lease, executed by the defendant, to the complainant, and make it conformable to the agreement of the parties, and for a specific performance of the same, according to such agreement. The material allegations in the bill are denied in the answer. The defendant insists that the lease was made according to the understanding of the parties, and was read to, and understood by, the orator. The lease, which is, also, a contract of sale, was made in January, 1836.

/ It appertains to the jurisdiction of a court of equity to correct and reform written instruments, when, through mistake or fraud, they are made to convey a meaning which the parties did not intend ; and, as a necessary consequence of this jurisdiction, they must receive testimony to show what the parties did intend, and wherein consists the mistake. Parol proof is received for this purpose. As the writing is, usually, the best evidence of the intention of the parties, it is supposed, whatever agreements they may have contemplated or conversed about, they understood what they are about to do, when they entered into a written contract. The evidence, therefore, must be clear and strong, and such as to leave no doubt of the mistake. ) Lord Thurlow said, in *Ingraham* v. *Childs*, 1 Bro. 94, that it should be proved, as much to the satisfaction of the court as if it were admitted ; and in *Shelburn* v. *Inchiquin*, 1 Br. 338, that it must be proved by strong, irrefragible evidence ; and in *Gillespie* v. *Moon*, 2 Johns. Ch. 585, where Chancellor Kent reviews all the authorities upon the subject, he says — " the cases concur in the strictness and difficulty of the proof " required.

In the present case, there was only one witness present,

at the time the farm was deeded to the defendant — Mr. Robbins, — and he swears to a different agreement from the one insisted on by the defendant. The testimony of Robbins may be said to be corroborated by that of the daughters of the complainant, who swear to a conversation in the fall of the year 1835; so that if there had been no writing, we might have considered, there was sufficient testimony to establish the agreement as testified to by Mr. Robbins. There is, however, not sufficient evidence to show any mistake or fraud in the execution of the lease. One of the daughters of the complainant, says, the lease was not read as stated by the defendant in his answer. This, at most, is negative testimony; and it is hardly probable the complainant should have executed the lease and not know its contents. The lapse of time since this business was transacted, before any steps were taken by the complainant to correct the terms of the lease, and establish the same according to his statement of the contract, — the testimony being all from the family — one of them being the son-in-law of the complainant, the other two his daughters, one of the age of 15, and the other of the age of 12, only, at the time, — it being mere hearsay, — the improbability that the agreement should have been varied in the manner alleged, as the only difference is whether the sum of 600 dollars should be paid at the end of the six years, or by instalments, and the little inducement and benefit there could have been to the defendant, to alter it, either one way or the other — are strong and powerful arguments against the application of the orator. The testimony is very slight, instead of being clear, strong, and irrefragible, as it should be, to induce a court to alter, reform, or correct a written instrument.

Upon the contract, as it is written, the complainant is not entitled to relief. No attempt has been made on his part, to perform the same, according to the terms, and no excuse is offered for this neglect.

The decree of the chancellor, dismissing the bill, is, therefore, affirmed, with cost.