## EHLERINGER v. MORIARTY.

1. SHERIFF'S DEED. The sheriff may execute a deed conveying property sold at sheriff's sale, to a party not named as the purchaser in the certificate of sale, with the consent of such purchaser.
2. PLEADINGS. It is not necessary to allege in a bill to correct a mistake in a sheriff's deed, that the complainant and those under whom he claims had no knowledge of the mistake, when the deeds constituting the chain of title from the sheriff to complainant were executed.
3. RETURN AND CERTIFICATE OF SALE. The return of the sheriff on a writ of execution has the same weight that attaches to the certificate of the sheriff as evidence of a sale.
4. FAILURE TO ENDORSE AND SERVE. A failure by a sheriff to endorse an execution as required by section 22, chapter 155, Revised Statutes of 1843, or to serve the same on the defendant, as required by section 9 of the same chapter, did not invalidate a sale made thereunder.
5. MISTAKE. Courts of equity will correct mistakes in deeds executed by sheriffs conveying property sold at judicial sales.

*Appeal from Johnson District Court.*

TUESDAY, NOVEMBER 8.

THE bill was filed to obtain a decree for the correction of a mistake in a deed of conveyance.

In March A. D. 1849, James Robinson recovered a judgment in the District Court, against Peter Moriarty, for the sum of $151,03. Execution was issued and the sheriff levied on two tracts of land, one of which was the west fractional half of the south west quarter of section thirty-one, in township seventy-nine north, in range six west. [The west fractional half south-west quarter, section 31, township 79, north range 6 west.]

The sheriff gave a certificate of the purchase, describing this parcel as in range seven (7) west, instead of six (6) west.

The court decreed in favor of the complainant, that there was a mistake and that it be corrected. The points appear sufficiently in the opinion of the court.

*W. Penn Clarke* for the appellee, relied upon *Cavender* v. *The Heirs of Smith*, 1 Iowa 306.

*Templin & Fairall* for the appellant, cited *Hardy* v. *Gascoignes*, 6 Port. 447 ; *Hill* v. *King*, 4 Ohio 135; *Gardner* v. *Hosmer*, 6 Mass. 324 ; *Lawrence* v. *Pond*, 17 Ib. 432 ; *Whitaker* v. *Sumner*, 7 Pick 551; *Bott* v. *Burnell*, 11 Mass. 164 ; *Stevens* v. *Brown*, 3 Ver. 420 ; *Miles* v. *Knott*, 12 Gill. & J. 442, as to the conclusive character of the sheriff's return as evidence of facts therein recited ; also, *Bryen* v. *Brown*, 2 Murph. 343 ; *Hamilton* v, *Adams*, Ib. 161 ; *Dunn* v. *Merriweather*, 1 A. K. Marsh. 158 ; *Martin* v. *McCarge*, 5 Litt. 293, in support of the proposition that the sheriff's deed must follow the certificate of sale and return of the execution.　The proceedings in which the property was sold were irregular, Rev. Stat. 1843, chapter 155, section 9 and 22; the execution was a nullity, *Read* v. *Markee*, 3 John. 523; and a sale made thereunder was void, *Byler* v. *Ashley*, 2 Gilm. 151 ; *Harrison* v. *Rupp*, 2 Blackf.; *Hobert* v. *Frisbie*, 5 Conn. 592 ; *Elliott* v. *Armstrong*, 2 Blackf. 198 ; *Davis* v. *McVicker*, 11 Ill. 329.

WOODWARD, J.—The respondent demurred to the bill upon several grounds.　First for repugnancies, that the bill alleges that James Robinson bid for the land, and became the purchaser and took the certificate, and then avers that he purchased for his son James T. Robinson.　It appears that the sheriff's deed was made to James T. and he conveyed to King, and he to the petitioner, both conveyances being by warranty deed, and apparently for an adequate and valuable consideration.

There is no repugnancy in the statement above referred to.　It is a familiar doctrine and practice, that the sheriff may make his deed to a different person from the bidder, when the bidder consents to it.　It is a matter of bargain between him and such other.　If he does not complain, it affords the defendant no ground if the purchase money is correctly applied.　But the sheriff should see to it that he

has proper authority. In the papers there is, in one or two instances, a slight apparent incongruity produced by the omission of the middle initial of the son's name, but this is cured by the reference contained in the words " the said Robinson," or by the context.

Second, the demurrer assigned that the bill contradicts the return, that the bill avers that the sheriff executed to James T. what was intended on a certificate of purchase, when in fact, from other averments and from the return, it appears that no such intention could have existed, nor could any accident or mistake, as stated, have occurred in making the certificate, in the description of the lands. This is not very intelligible. If it means that the paper could not have been intended as a certificate it needs no answer.

The conclusion, that there could not have been such a mistake, is a *non sequiter* from the premises; and besides the return supports the averment of the bill.

The third cause for demurrer is for the alleged want of equity, upon several grounds which will be alluded to. If there is no certificate to correct by, there is a return which stands before the certificate and is equal if not superior to it. In such a case we do not conceive it necessary that the petitioner should aver that he and those under whom he derives title, had not notice of the mistake. If they had, it would not have diminished their right to its correction.

It would not invalidate the sale, that the execution is not indorsed repleviable, or that it was not served on the defendant. And the remaining causes of demurrer have no substance. The petitioner has no remedy at law. The relief sought is not incompatible with the case made. The return upon the execution shows a satisfaction for so much, although it be not expressed in those terms. And there was no occasion for making James T. and King parties to the bill. The objections to the bill are formal and unsubstantial, and the decision of the District Court in overruling the demurrer is sustained and the decree affirmed.