ELLA R. SHATTUCK, BY NEXT FRIEND, *v* CHARLES GAY AND OR-
VILLE R. KELSEY.

[IN CHANCERY.]

*Effect of answer as Evidence.   Reforming Contract.*

When the material facts upon which the orator relies in his bill are denied in the answer, the rule is well settled that something more than the testimony of one witness is required to sustain the averments of the bill. What is deemed equal to the testimony of two witnesses is required.

Equity requires clear and full proof to warrant the reforming of a contract, and especially a deed.

APPEAL from the court of chancery. The bill was taken *pro confesso* as to the defendant Kelsey, but was answered by the

defendant Gay, and the answer was traversed, and testimony taken.

The oratrix's mortgage, by its terms, was made subject to Hiram Kelsey's mortgage and to the defendant Gay's mortgage, and the minute of the town clerk upon said first named mortgage, and the town records, showed that the same was received for record half an hour later than the said Gay's mortgage. The other facts sufficiently appear in the opinion of the court. The court of chancery, Ross, Chancellor, decreed that the oratrix's mortgage take precedence of the said Gay's mortgage, and be so reformed as to be subject only to the mortgage of Hiram Kelsey, and that the oratrix recover her costs. Appeal by the defendant Gay.

*O. S. Burke*, for the oratrix.

A court of equity considers that as done which is agreed to be done. It corrects mistakes in conveyances when clearly and unequivocally proved, and makes the instrument such, both in form and effect, as will fulfill the intention of the parties. *Beardsley* v. *Knight et als.* 10 Vt. 185; *Goodell* v. *Field*, 15 Vt. 448; *Preston* v. *Whitcomb*, 17 Vt. 183; *Blodgett et als.* v. *Hobart et als.* 18 Vt. 414.

*Edwards & Dickerman*, for the defendant Gay.

As to the effect of an answer responsive to the bill, and the weight to be attached to it, see 2 Story Eq. § 1528; *Allen* v. *Mower*, 17 Vt. 61; *Porter et al.* v. *Bank of Rutland et als.* 19 Vt. 425; *Heirs of Adams* v. *Adams et al. adm'rs*, 22 Vt. 68–9; *Blaisdell* v. *Bowers et al.* 40 Vt. 129–30; *Rich, adm'r*, v. *Austin*, Ib. 420; and as to the weight of evidence to sustain the bill, and the rule generally governing cases like the one at bar, see 1 Story Eq. §§ 152, 156, 157, n. 3; 1 Wheeler's Am. Ch. Dig. 341–2; 1 Greenl. Ev. § 260; 3 Ib. § 360, n. 1.

The opinion of the court was delivered by

REDFIELD, J. This is a bill in equity to reform a mortgage deed, and give it preference to the mortgage deed on the same premises held by the defendant Gay.

No question is made in argument that the order of the court of chancery, suppressing certain testimony, was improperly made.

The oratrix, in the bill, avers that it was agreed between herself and Orville R. Kelsey, her mortgagor, and assented to by defendant Gay, that her mortgage should take the precedence.   Defendant Gay sold the farm to Orville R. Kelsey, then incumbered by a mortgage to Hiram Kelsey for $2,800.   Orville R. hired of the oratrix $1,000, and paid the same to Gay as part of the purchase money.   There is no doubt, upon the testimony, that it was fully agreed between the oratrix and Orville R. that she should have security for the loan by mortgage on said farm, subject only to the Hiram Kelsey mortgage.   The town clerk, who wrote the two mortgages, testifies that Gay, being present, was aware of this arrangement, distinctly assented to it, and instructed him to give the oratrix's mortgage precedence in the record; and that, by mistake, he made the oratrix's mortgage subject to Gay's mortgage.   Orville R. Kelsey, fully and in detail, affirms the contract between the oratrix and himself, the assent of Gay to that arrangement, and supports the testimony of Chase, the town clerk, as to the distinct agreement of Gay at the time the mortgage deeds were executed.   The oratrix's mortgage was first recorded.   The defendant Gay, both in his answer and his testimony, denies such agreement or assent on his part; and the answer is responsive to the bill.   Where the material facts upon which the orator relies in his bill are denied in the answer, the rule is well settled that something more than the testimony of one witness is required to sustain the averments of the bill—what is deemed equal to the testimony of two witnesses.   And we entirely concur with the defendant's solicitor, that equity law requires clear and full proof to warrant the reforming of a contract, and especially a deed. Yet, every case of this kind has its own circumstances, which give to it a *character*, and each makes its own impression upon the minds of the court.

The defendant Gay knew that the $1,000 paid to him as part of the purchase money, was borrowed of the oratrix.   It is not reasonable that he was thoughtless and silent upon the manner and quality of her security.   Nor is it probable that the town

13

clerk should have made two mortgages upon the same land, and placed one on record, in the presence of the parties, or their agents, and no enquiry or suggestion made as to which should have priority. In short, we believe the testimony of the town clerk is natural, is corroborated by the circumstances, and is substantially true. And the evidence satisfies the court that " there was a plain mistake, clearly made out by satisfactory proofs." 1 Story's Eq. § 157.

We feel no inclination to modify the just and conservative rule, that written contracts, and more especially deeds, must be held to express the deliberate purpose of the parties, and should not be changed but upon the most clear and full proof, and such as shall establish the fact beyond reasonable doubt.

The decree of the court of chancery is affirmed, and the cause remanded.