Burr v. Hutchinson.

———◆———

EDWARD H. BURR and wife, in equity, *vs.* CHARLES D. HUTCHIN-SON.

*Equity. Power of court to reform deed of real estate.*

Where the complainant bargained one parcel of land, and, by a mistake of both parties, conveyed another parcel to the respondent, the equitable jurisdiction of this court will authorize it to reform such deed according to the intention of the parties, and, by decree, to protect the interests of such persons as may legally claim to hold the correct premises through and under the respondent.

BILL IN EQUITY, heard on bill and answer.
The facts appear in the opinion.

*T. W. Vose,* for complainants.

*A. Sanborn,* for respondent.

PETERS, J. The complainant alleges that in the year 1854 he bargained to the respondent a parcel of lot number " five " in Brewer, and by mistake conveyed to him by deed of warranty a part of lot number " six; " that the respondent, however, went into possession of the lot he bargained for and supposed he purchased, and made valuable improvements upon it. This is fully

admitted by the respondent in his answer, and no question arises between the parties excepting as to what relief shall be granted under the bill and as to costs. This being a case of admitted mutual mistake it is well settled that this court has full chancery power to rectify the mistake and reform the deed according to the original bargain and intention of the parties.

The respondent is ready to convey back the portion of lot " six " which was deeded him, and has produced in court a release for that purpose, to be delivered to the complainant whenever he will give the respondent his warrantee deed of so much of the lot " five " as was originally agreed and intended by them. The complainant thinks that would be unjust toward persons now claiming to occupy and own lot number " five " through and under the respondent. It seems the parcel " five " was levied upon by the respondent's creditors, who by quitclaim transferred the premises to Caroline Arey, who quitclaimed to one Maria L. Rogers, who conveyed by deed of warranty to a party, that party also conveying by warrantee to still other parties. If the supposed title had passed out of the respondent by his deed of general warranty, a conveyance of the title to him now by the complainant would inure at once by estoppel to the benefit of all the parties succeeding to the title from the respondent, and the result would be just and equitable to all concerned. *Pike* v. *Galvin*, 29 Maine, 183. But as the land was taken from the respondent by a levy the result would be otherwise. *Crocker* v. *Pierce*, 31 Maine, 177. Should the respondent's demand be strictly complied with, the consequence would be to deprive the third parties of all interest in the land and give it to the respondent, whose creditors have once already paid him for it and, as it is to be presumed, at its full value. Such a result is unnecessary and would be inequitable and unreasonable. Nor would such a result be reached by merely reforming the deed, which, according to the legal definition, " would be to make it in fact just what the parties at the time intended to make it, and with all the results as if it had been so made." Almost any form of injunction in reforming a deed can be employed,

which may be adapted to the special circumstances of the case. *Prescott* v. *Hawkins*, 12 N. H. 19; *W. L. C. & W. Man. Co.* v. *Perley*, 46 N. H. 83–109; 1 Story's Eq. Jur. §§ 437, 438.

Nor would it be expedient, as contended by the complainant, for him to convey to the person alleged to be the present owner, under the respondent, of the premises that should have been conveyed, lest it turn out that other persons are interested in the questions involved who are not made parties to the bill.

It would have been well to have made the third persons alluded to parties to these proceedings, but as it is not proposed to make any decree prejudicial to them, and no point is taken as to the omission, their absence may be regarded as immaterial.

There should be an order that the deed shall be reformed, so that it shall grant and convey such premises as it was intended to, with all the results as if it had been so made; that the complainant be required to release to the respondent the land originally intended to be conveyed, with such terms of warranty as would be suitable in a conveyance made now for them, the form of conveyance and covenants therein to be appropriate to protect the rights and interests of such persons as may legally claim to hold the correct premises through and under the respondent; and that the respondent be required to release the lot number "six," and enjoined from making any other conveyance or use of the same. No person, not a party hereto, to be prejudiced thereby.

As the mistake was the fault of both parties, and the respondent was justified in awaiting an appeal to court, for directions in the matter, before action on his part, neither party will recover costs.      *Bill sustained without costs. Decree to be entered as indicated in the opinion of the court.*

APPLETON, C. J.; CUTTING, WALTON, DICKERSON, and BARROWS, JJ., concurred.