HITCHINS & a. v. PETTINGILL & a.

When reformation is sought of a deed, which, through fraud or mistake, conveys less land than was orally bought and paid for, the case does not stand as if there were no deed; and the error may be corrected without proof of such part performance as is necessary for a decree of specific performance compelling a conveyance of the whole land when no part of it has been conveyed.

IN EQUITY. The plaintiffs asked for the reformation of a deed. Facts found by the court: The plaintiffs, by oral agreement, bought a farm of the defendants for $2,500, paid the price, and took the deed of which they seek reformation. A part of the farm containing ten acres, included in the bargain and paid for, was, by the fraud of the defendants, omitted in the deed. After receiving the deed, the plaintiffs moved into the farm buildings which were on the land described in the deed, occupied that land, and made valuable improvements upon it, but made no improvements upon, and did not take possession of, the ten acres. The defendants continued in possession of that lot, and paid the taxes on it.

*Wiggin & Fernald* and *Hobbs*, for the plaintiffs.

*Bartlett*, for the defendants.

The only written evidence of the contract to convey was the deed of which the plaintiffs seek reformation. The court permitted the plaintiffs to introduce parol evidence of a verbal contract made prior to the deed, for the sale of all the lands described in the bill. This was error, because it was in conflict with the statute which says, " No action shall be maintained upon a contract for the sale of land, unless the agreement upon which it is brought, or some memorandum thereof, is in writing, and signed by the party to be charged, or by some person by him thereto authorized by writing." *Gen. Stat.*, c. *201*, *s. 12*. The contract having been reduced to writing, verbal evidence of the prior conversations in regard to the same ought not to have been admitted, especially when the case finds that the evidence upon

the point as to whether the whole Day farm, which includes the ten-acre piece, was embraced in the contract, was contradictory; that is, the plaintiffs and their witnesses say that the whole Day farm was embraced in the contract to convey, and the defendants and their witnesses say it was not so embraced.   What is the result of receiving such evidence ?   The writing is to be set aside, or reformed with a variation or addition, provided the plaintiffs and their witnesses will swear harder than the defendants and their witnesses.   Is not this a dangerous precedent for the court to establish ?   It involves the transfer of the legal title to land not covered by the deed already given. It requires a new deed to be executed and delivered by the defendants to the plaintiffs.   Whether that deed shall embrace the entire subject of the alleged contract to purchase, with a corrected description to make it conform to facts and abuttals as they were represented to be, or merely to convey the ten acres omitted from the deed already given, the order for its execution will enforce the specific performance of a contract for the sale of lands, for which there exists no memorandum, note, or other evidence in writing, signed by the party to be charged therewith.   As to the ten acres in dispute, the obligation to convey rests solely in the verbal contract.   The defendants deny any contract which includes them.   The plaintiffs seek to establish such a contract and enforce it.   The deed furnishes no means of making the correction sought for, and no evidence of the contract relied on for this purpose; nor is there in any sense an acknowledgment, on the part of the defendants, of the substance of the alleged verbal agreement.   If the rules restricting the administration of judicial remedies, which are prescribed by the statute of frauds, were to be disregarded in this branch of equity procedure, it would open the door to all the forms of fraud which that statute was intended to prevent.   The statute is not a mere rule of evidence, but a limitation of judicial authority to afford a remedy.   It requires that contracts for the sale of lands, in order to be enforced by judicial proceedings, must be substantiated by some writing.   This provision of law cannot be dispensed with merely for the reason that the want of such writing was occasioned by accident, mistake, or fraudulent representation, unless some other ingredient enters into the case to give rise to equities stronger than those which stand upon the oral contract alone, which estop the other party from setting up the statute.   *Glass* v. *Hulbert*, 102 Mass. 24 ; *Kidder* v. *Barr*, 35 N. H. 254.   The statute of frauds was intended for the protection of contracting parties.   *   *   *   It is to guard againts the setting up of pretended agreements, and attempting to support them by perjury ; to protect the parties from the dangers and uncertainties arising from the imperfections of human memory, and the mistakes of honest witnesses.   *Tilton* v. *Tilton*, 9 N. H. 390. Courts are bound to regard the statute in equity, as well as at law, and where it is pleaded as a defence to an action, it must prevail as a competent bar, even if the answer confesses the parol agreement.   1 Story Eq., s. 757 ; *Kidder* v. *Barr*, above cited.

There has been no part performance of the contract in this case, such as, according to the general practice in courts of equity, would take the case out of the statute. Payment of the whole consideration is not sufficient for that purpose. *Kidder* v. *Barr*, above cited ; *Glass* v. *Hulbert*, 102 Mass. 28, and cases there cited. Possession by the plaintiffs, under such a deed as was given them, is possession according to the title thereby coveyed, and is not such a possession as to afford ground for enforcing an alleged verbal agreement to convey other land claimed to have been embraced in the same verbal agreement with that conveyed. The plaintiffs do not appear to have been let into actual possession of the ten acres, nor to have been induced to do any acts thereon, as owners under their supposed rights as purchasers, for the case expressly finds that the defendants have had the possession and occupation of said ten-acre piece, and paid the taxes thereon ever after, giving the said deed. *Glass* v. *Hulbert*, 102 Mass. 28 ; *Bunton* v. *Smith*, 40 N. H. 352 ; *Ham* v. *Goodrich*, 33 *ib*. 32. The conveyance of a portion of the land is neither a part performance, nor is it a recognition of the alleged verbal contract, so far as it relates to the remaining land not included in the deed ; on the contrary, it is in distinct disregard and implied disavowal of such a contract. *Glass* v. *Hulbert*, above cited.

The plaintiffs, to entitle themselves to a decree, must not only establish the contract as charged, but also a part performance of the same contract, and the acts relied upon as a part performance must clearly appear to have been done with a view to the performance of the same. *Tilton* v. *Tilton*, 9 N. H. 385 ; *Ham* v. *Goodrich*, 33 *ib*. 42. For if they were acts which might have been done with other views, they will not take the case out of the statute, since they cannot properly be said to be done by way of part performance of the agreement. 1 Story Eq., *s*. 762.

The case finds that the plaintiffs have made repairs, &c., upon the buildings and premises, since they have been in possession thereof, and prior to the commencement of this suit. The repairs and improvements made were upon buildings and land embraced in the deed ; and we say that they were not made until long after they discovered the supposed error in their deed, and after they took possession of the premises in the spring of 1873. It was incumbent upon the plaintiffs, if they would rely upon the fact of their having made said repairs and improvements, to take the case out of the statute, to allege and prove that they made the same prior to the discovery by them of the supposed error in their deed ; but it is neither alleged in the bill that they were made before they discovered the supposed error, nor is it so found by the court ; in fact, they were all made after the discovery of the same. Whatsoever acts they did on the premises, subsequent to the discovery of the error, must be construed as tending to ratify the contract as claimed by the defendants, and as evidenced by the deed under which they entered into possession, and not in part performance of an alleged contract to convey other lands,

not included therein, of which they have had no possession, and over which there have been no acts of part performance.

In this case the plaintiffs have mistaken their remedy, which was at law and not in equity. They should, under the facts disclosed, have brought an action on the case for the deceit; or, when they first discovered the error, they could have rescinded the contract and brought their action to recover back the purchase-money; but they having entered upon the premises conveyed by the deed with full knowledge that the same did not convey the whole Day farm, and having continued in the possession of that part only which was conveyed by the deed for more than two years after discovering the error, without complaint that they had not got all the land for which they had verbally contracted, are not now entitled to relief in equity. *Hathaway* v. *Noble*, 55 N. H. 508; *Pickering* v. *Pickering*, 38 *ib.* 400. Where a party has an action at law, equity will refuse to interfere. *Ham* v. *Goodrich*, 33 *ib.* 32; *Lyme* v. *Allen*, 51 *ib.* 245.

FOSTER, J. When reformation is sought of a deed which, through fraud or mistake, conveyed less land than was orally bought and paid for, the case does not stand as if there were no deed; and the error may be corrected without proof of such part performance as is necessary for a decree of specific performance compelling a conveyance of the whole land when no part of it has been conveyed. 1 Story Eq., *ss.* 152–161; Adams's Eq. 169, 171; 3 Gr. Ev., *ss.* 360, 363; *Bloomer* v. *Spittle*, Fisher's An. Dig. (1872) 131; *Tilton* v. *Tilton*, 9 N. H. 385, 392; *( Purcell* v. *Miner*, 4 Wall. 513;) *Prescott* v. *Hawkins*, 12 N. H. 19, 28—16 N. H. 122; *Way* v. *Cutting*, 17 N. H. 450, 451; *Bellows* v. *Stone*, 14 N. H. 175, 201; *Smith* v. *Greeley*, 14 N. H 378; *Craig* v. *Kittredge*, 23 N. H. 231, 236; *Busby* v. *Littlefield*, 31 N H. 193, 199—33 N. H. 76; *Webster* v. *Webster*, 33 N. H. 18, 22, 23, 25; *Doe* v. *Doe*, 37 N. H. 268, 285; *Herbert* v. *Odlin*, 40 N. H. 267; *Brown* v. *Glines*, 42 N. H. 160; *Kennard* v. *George*, 44 N. H. 440; *Leach* v. *Noyes*, 45 N. H., 364; *Peterson* v. *Grover*, 20 Me. 363; *Farley* v. *Bryant*, 32 Me. 475; *Tucker* v. *Madden*, 44 Me. 206; *Adams* v. *Stevens*, 49 Me. 362; *Burr* v. *Hutchinson*, 61 Me. 514; *Beardsley* v. *Knight*, 10 Vt. 185, 190; *Griswold* v. *Smith*, 10 Vt. 452; *Goodell* v. *Field*, 15 Vt. 448; *Blodgett* v. *Hobart*, 18 Vt. 414; *Brown* v. *Lamphear*, 35 Vt. 252; *Shattuck* v. *Gay*, 45 Vt. 87; *Allen* v. *Brown*, 6 R. I. 386; *Holabird* v. *Burr*, 17 Conn. 556; *Wooden* v. *Haviland*, 18 Conn. 101; *Stedwell* v. *Anderson*, 21 Conn. 139; *Knapp* v. *White*, 23 Conn. 529; *Blakeman* v. *Blakeman*, 39 Conn. 320; *Gillespie* v. *Moon*, 2 Johns. Ch. 585; *Wiswall* v. *Hall*, 3 Paige Ch. 313; *Johnson* v. *Taber*, 10 N. Y. 319; *De Peyster* v. *Hasbrouck*, 11 N. Y. 582; *Rider* v. *Powell*, 28 N. Y. 310; *Welles* v. *Yates*, 44 N. Y. 525; *Bush* v. *Hicks*, 60 N. Y. 298; *Ginschio* v. *Ley*, 1 Philadelphia 383; *Bartle* v. *Vosbury*, 3 Gr. Cas. (Pa.) 277; *Wyche* v. *Greene*, 16 Ga. 49; *Durant* v. *Bacot*, 13 N. J. (Eq.) 201; *Weller* v. *Rolason*, 17 N. J. (Eq.) 13; *Ehleringer* v. *Moriarty*, 10 Iowa 78; *Barber* v. *Lyon*, 15 Iowa 37;

*Canedy* v. *Marcy*, 13 Gray 373; *Metcalf* v. *Putnam*, 9 Allen 97, 100.

In the last of these cases, BIGELOW, J., delivering the opinion, says,— " Upon elementary principles, the plaintiff is entitled to have his deed reformed so that it may truly set forth the whole contract.   *   *   * Upon proof of fraud in the omission of material stipulations in a written contract, a court of equity will admit parol evidence to establish the agreement, as it was understood and concluded between the parties." The defendants rely upon *Glass* v. *Hulbert*, 102 Mass. 24, where the doctrine of reformation of written contracts was subjected to a limitation at variance with the settled law of this state.

A court cannot disregard a valid statute, nor regard it with favor or disfavor, nor take out of its operation a case that is within it, nor grant relief, at law or in equity, against it. The judicial question is, What purpose of the legislature appears in its acts, upon the established rules of construction ? " No action shall be maintained upon a contract for the sale of land, unless the agreement upon which it is brought, or some memorandum thereof, is in writing." Gen St., *c.* 201, *s.* 12. " The supreme court shall have the powers of a court of equity in cases cognizable in such court, and may hear and determine, according to the course of equity, in case of charitable uses, trusts, fraud, accident, or mistake ;   *   *   * of specific performance of contracts ;   *   *   * and in all other cases where there is not a plain, adequate, and complete remedy at law." Gen. St., *c.* 190, *s.* 1. These provisions, though printed in different chapters, are consistent parts of one law. We are not to give either of them a strained construction, liberal or strict, for the special purpose of justice in a particular case, or for the general purpose of making the law what in our judgment it ought to be. The meaning of one act may be shown by other acts. There may be several acts, neither of which can be properly administered in a particular case, except as part of one law comprising them all. It may be necessary to consider one statute on any subject a part of the whole law, statutory and common, on that subject, as it is necessary to consider one section or word of a statute a part of that statute. The statute of frauds, severed from all other law, written and unwritten, and taken in its literal sense, would deny these plaintiffs the relief of specific performance, even if they had taken possession of the ten-acre lot and made valuable improvements upon it ; and would leave people remediless in a great number of cases of fraud, accident, or mistake, for which ample remedies are provided by the statute of equity jurisdiction. And the latter statute, torn from the general body of the law, taken literally, and administered as if there were no other law, would deprive the community of safeguards which the statute of frauds and the common law were designed to afford, and which the statute of equity was not designed to take away. The well known general objects of these statutes are the principal guides for their construction. The statute of equity authorizes this court to administer the legal principles of the general system of equity, which, as

a great branch of the law of their native country, was brought over by the colonists, and has always existed as a part of the common law, in its broadest sense, in New Hampshire. *Wells* v. *Pierce*, 27 N. H. 503, 512; *Walker* v. *Cheever*, 35 N. H. 339, 349. The statute of frauds prevents wrong being done in certain cases by the testimony of witnesses.

If, without written evidence of a contract for the sale of land, the vendee pays for the land, and, with the knowledge and consent of the vendor, takes possession of it, and makes valuable improvements upon it, he is entitled to the relief of specific performance. Upon the literal construction of the statute of frauds there could not be a decree for specific performance in such a case, and there could not be, by parol evidence, a reformation of a deed enlarging its operation. But the statute, rightly construed, does not destroy either of these remedies, as the statute of limitations does not destroy the remedy in cases of fraudulent concealment of the cause of action *( Bank* v. *Fairbanks*, 49 N. H. 131, 141), as the registry laws do not destroy the effect of actual notice of an unrecorded deed *( Gooding* v. *Riley*, 50 N. H. 400), and as the statute of frauds does not disturb a boundary fixed by parol agreement and possession. *Kellogg* v. *Smith*, 7 Cush. 375; *Knowles* v. *Toothaker*, 58 Me. 172.

The plaintiffs are entitled to a decree for a conveyance of the ten-acre lot.

*Case discharged.*

STANLEY, J., did not sit.