Aug. 11, 1876. NORTHERN RAILROAD *v.* ENFIELD.

*Highways—Laying out by selectmen.*

By Gen. Stats., ch. 233, secs. 7, 8, when all the selectmen are disqualified to act, they may appoint a board to hear and determine a petition for a new highway; but if there remain one of the board who is qualified, he must appoint those who are to take the place of the persons who are disqualified.

FROM GRAFTON CIRCUIT COURT.

APPEAL, by the plaintiffs, in the ordinary form, from the decision of the selectmen of Enfield in laying out a highway.

In 1874 a petition was presented to the selectmen for a highway between the same termini as those stated in this petition. After notice and a hearing they refused to lay it out, and a petition was then presented to this court, and it was referred to the county commissioners, who, after notice and a hearing, decided against the prayer of the petition. Their report was duly returned into court at the March term, 1875, and judgment was rendered thereon.

Subsequently, another petition was presented to the selectmen, being the one now in question; and, after notice and a hearing, they decided to lay out the same, and accordingly did so, and made a record thereof. From this decision the plaintiffs appeal within the time prescribed by law. The appellants now move to reverse the decision of the selectmen, and assign the following reasons:

1. Because the same subject-matter was heard, considered, and decided by a qualified board of selectmen of Enfield in 1874.

2. Because the same subject-matter was heard, considered, and decided by the county commissioners, and judgment entered (see their report, March term, 1875); and there has been no change of circumstances since the decision of the selectmen of 1874, and the decision of the court, March term, 1875.

3. Because two of the selectmen of Enfield for the year 1875 were disqualified to act, by reason of interest or otherwise, and they appointed in their places two others, viz., Ansel P. Howe and Smith Marston; and, by reason of relationship, the board as thus constituted decided that said Howe was disqualified to act, and he therefore did not act in the matter on the board as then constituted; and the two remaining members of the board, against the objection of the plaintiffs, proceeded to hear, consider, and decide the matter.

4. Because, the matter having been heard and decided in 1874, the board had no power or authority to act in 1875.

If it would be competent, the appellants offer to show that the town, at the annual town-meeting in 1875, voted to lay out said highway, there being a proper article in the warrant for that purpose.

The plaintiffs offered to show that there had been no change of circumstances affecting the necessity for said highway since the hearing before the selectmen in 1874 and the hearing before the commissioners in 1875, unless such a change is to be presumed from the vote of the town in March, 1875, and the subsequent action of the selectmen in laying out the same in 1875; but the court excluded it, and the plaintiffs excepted.

The plaintiffs introduced evidence tending to show that two of the selectmen for 1875 were disqualified; that they appointed in their places two others; that after their appointment, and after they had taken the oath, it was ascertained that one of them was related to one of the petitioners—the grandfather of one of the selectmen and the grandmother of one of the petitioners were brother and sister—and the board decided that he could not act, and thereupon he withdrew and did not act; and the two remaining members of the board, as thus

constituted, proceeded to hear and determine the case. The court *pro forma* denied the motion of the plaintiff, and they excepted.

The defendants then moved that this appeal be referred to a new board of commissioners, to be appointed by the court, it appearing that two members of the present board had heard the petition for the road in question prior to the March term, 1875, they then being members of the board, and the remaining member being a resident of the town. This motion the court *pro forma* denied, and the defendants excepted.

The court then ordered the appeal referred to the present board, with the exception of the member who was a resident of the defendant town, but directed that the vacancy in the board, on account of one being a resident of the town, should not be filled, and the commission should not issue until the determination of the questions raised in this case.

The appeal in this case may be referred to by either party, but is not to be printed.

Transferred by STANLEY, J., C. C.

*Murray*, for the plaintiffs.

*Carpenter* (with whom were *Sargent & Chase*), for the defendants.

*CUSHING, C. J. It appears from the case, that two of the selectmen of Enfield, being disqualified to act, appointed two other men in their places. The statute—Gen. Stats., ch. 233, secs. 7 and 8—provides that in case any of the selectmen are disqualified, those who remain may appoint substitutes; but it is only where all are disqualified that the disqualified persons may appoint. It is true that the statute says " *those* who are qualified to act," and in this case only *one* was so qualified; but by Gen. Stats., ch. 1, sec. 3, words importing the plural number may include singular. Exactly that which the statute requires was not done, and exactly that which the statute does not require was done.

It is clear that the board which acted had no power to do anything, and their proceedings must be adjudged void. I do not find anything that has any tendency to show that the defendants waived any objection. This seems to be conclusive of the case, and the other questions become immaterial.

It may not be amiss, however, to remark, that a report of the commissioners against the laying out of a road, with judgment thereon, has never, to my knowledge, been held to be an estoppel, or conclusive against a new petition. If the judgment in such a case is be a bar to a further petition, it must be as the result of facts, to be found by some tribunal empowered to find the facts, which this court in this class of cases, I believe, is not.

At the argument, a suggestion was made that the causes of appeal were not set out in the appeal; and ch. 63, sec. 12, Gen. Stats., was

---

* SMITH, J., did not sit.

referred to, in which it is said that the commissioners shall consider and report in the matters in regard to which the appeal is taken, as set forth in the petition, and the suggestion was made that the petition should contain a specification of all the objections.

The sections from the General Statutes are founded on sec. 9, ch. 50, R. S., and on Laws of 1862, ch. 2,621, sec. 1, by the first of which provision is made for an appeal from award of damages, and by the last, for an appeal from the laying out of the highway. The first of these sections provides for an award of damages, and the other for passing upon the question of laying out of the highway, and the amount of damages, &c.

The section in the General Statutes provides for a report by the commissioners in regard to the matters in reference to which the appeal is taken, which I suppose may be either the damages, or the laying out, or both, and which would be set forth in the petition ; but I do not think it requires a specification of particulars in either case.

The commissioners to revise the statutes, in their report, ch. 53, secs. 10, 11, 12, indicate by the letter *s* in the margin that the " sense is not designed to be altered," which adds the authority of those able and earnest men in support of this construction. *Underwood* v. *Bailey*, 54 N. H. 187.

LADD, J., and RAND, J., C. C., concurred.

*Appellants' exceptions sustained.*