LOBDELL *v.* MARSHALL.

Documentary evidence, made part of a bill of exceptions or reserved case by reference, is regarded as waived by the party excepting or moving, when it is not sent to the court with the printed case, and the necessary steps for remedying the defect are not taken.

The failure of a party giving his deposition to produce a paper to be annexed, is not, as a matter of law, a cause for excluding the deposition without regard to the character and admissibility of the paper and the circumstances of the case.

Matter arising after the commencement of an action cannot be proved in bar of the action on the general issue, but must be pleaded specially.

TROVER, for the plaintiff's goods, fraudulently obtained from the possession of the plaintiff's bailee (the Concord Railroad) by A, on a forged order (purporting to be signed by the plaintiff, and directing the bailee to deliver the goods to A), and sold by A to the defendant, an innocent purchaser. Plea, the general issue. Verdict for the plaintiff.

The defendant excepted to the admission of the plaintiff's deposition, because, at the caption, the plaintiff, though requested, did not produce certain papers, to be annexed to the deposition. One of the papers was a letter which he said (in the deposition, on cross-examination) he received from his counsel, and then had in his possession, though not at the place of caption, and would produce for annexation. The deposition is a part of the reserved case.

The defendant excepted to the rejection of evidence, that since the suit was brought the bailee paid the plaintiff's claim, and that the suit is prosecuted for the benefit of the bailee.

*Briggs & Huse,* for the defendant.

The letter being in the possession of the plaintiff (*Winans* v. *N. Y. & E. R. R.,* 21 How. 88, 100) and not being annexed, the deposition was unfinished. The railroad held the goods as bailee, and, by the bailee's neglect, the goods were lost to the plaintiff. If he had brought this suit against the bailee and recovered the value of the goods, the plaintiff's claim would have been satisfied as against all the world, and he could not thereafter retake the goods, or sue any third person on account thereof, and the defendant could have given that judgment in evidence in bar of this suit. And where, as in this case, the bailee admitted his liability and avoided suit by payment of the full value, that payment would have the same result and effect as payment of a judgment. The acceptance of the value ended the plaintiff's interest, and his claim was satisfied as against all the world. No right of action was left him, and he could not retake the property or

recover its value again.  Whether or not the bailee could follow the property is immaterial here, as, against the bailee, the defendant might interpose a perfectly valid defence, which would be of no effect as against the present plaintiff.  The offer of the defendant was substantially to show that the Concord Railroad had paid the plaintiff for these goods.  If they had, the plaintiff's interest was terminated. *Witmer* v. *Schlatter*, 2 Rawle 366 ; *Fox* v. *N. Liberties*, 3 Watts & S. 106 ; *Buckland* v. *Johnson*, 15 C. B. 145 ; Watterman on Trespass 60, *n.; Brady* v. *Whitney*, 24 Mich. 154 ; *Smith* v. *Smith*, 50 N. H. 212 ; *Smith* v. *Smith*, 51 N. H. 571.

*Fellows* and *Burns*, for the plaintiff.

DOE, C. J.  " In a case so reserved upon a statement of facts agreed to by the parties, the plaintiff, and in other cases reserved, and upon a bill of exceptions allowed, the party excepting or moving, shall furnish to the court copies of the case and papers referred to, sufficient for the justices sitting in the case."   Gen. St., *c.* 189, *s.* 12.   Documentary evidence, made part of a bill of exceptions or reserved case by reference, is necessarily regarded as waived by the party excepting or moving, when it is not sent to the court with the printed case, and the requisite steps for remedying the defect are not taken.  As we have not received the deposition (which is by reference made part of the reserved case) or a copy of it, and as no effort has been made by the defendant to give us information of its contents, we assume that it does not throw upon the questions raised a light favorable to him.

Upon the facts stated in the reserved case, it cannot be held, as matter of law, that the deposition was inadmissible.  The mere fact that a witness does not produce papers may not be a sufficient reason for rejecting all his testimony.  Before all his testimony is rejected for that cause, it is necessary to know what his testimony is, what connection it has with the papers, and how their non-production renders his testimony incompetent.  The failure of a party to produce a paper is often a ground for the admission of secondary evidence of its contents, and may be evidence itself to be considered by the jury.  Sometimes an order is made for the production of papers.  A compulsory writ of summons for their production may be employed.  If the whole or a part of a deposition may be rejected absolutely, or until papers are annexed or produced at the trial, it does not appear that any of the papers mentioned in this case were such as the plaintiff should be compelled to produce, or that, if produced, they would be admissible in evidence, or that, if admissible, they were of any practical importance, or that their non-production was, in law or in fact, a sufficient reason for rejecting the deposition, or that the question of rejection was one of law and not of discretion.

The case does not show for what purpose the rejected evidence (of transactions subsequent to the date of the writ) was offered by the defendant.  The only purpose for which it is claimed, in argument, to

be competent, is to show an extinguishment of the plaintiff's right of action; and we infer that was the only purpose for which it was offered. For that purpose, it was not admissible on the pleadings on which the case was tried. Matter of defence arising after the commencement of an action cannot be proved in bar of the action on the general issue, but must be pleaded specially. *Bailey* v. *March*, 2 N. H. 522, 524; *P. Bank* v. *Brackett*, 4 N. H. 557; *Parks* v. *Ingram*, 22 N. H. 283, 296; *Williams* v. *Tappan*, 23 N. H. 385, 394, 395; *Dana* v. *Sessions*, 46 N. H. 509; 1 Ch. Pl. 657.

*Judgment on the verdict.*

STANLEY, J., did not sit.