DODGE, *Ap't, v.* STICKNEY, *Ap'ee.*

In an appeal from a decree of the judge of probate on the settlement of an administration account, the appellant is confined to the investigation of matters stated in the reasons of appeal.

The report of a referee in a probate appeal being returnable to the law term, a motion to set aside the report as against evidence may be considered at the law term, although, as a general rule, questions of fact are to be determined at the trial term.

Upon the question whether the widow of a testator was represented by her son in the settlement of the administration account of the executor of her husband's will in the probate court, and in the adjustment with the executor of matters pertaining to the administration of the estate, it is competent to consider the fact that she understood it to be a final settlement preparatory to a distribution of the estate, the amount of the estate to be distributed and her interest in it, the situation and relationship of the parties and the fact that the son was an attorney at law, the nature of the examination made by him and whether he assumed to act for his mother, the length of time negotiations were pending between the notice and final settlement of the account, the fact that a power of attorney purporting to have been executed by the mother to the son on the day after the settlement in the probate court was concluded authorized the son to act for her, and " do all things necessary to be done in the settlement of her claim and interest in the estate with the executor, or the judge of probate before whom the executor is to make his final accounting," the fact that the mother immediately received a portion of the money distributed to other legatees, making no objection to the settlement, and all other acts of the parties connected with the business of the settlement of the account.

PROBATE APPEAL. Motion to set aside the report of a referee.

*Copeland, McLane,* and *O. A. Dodge,* for the appellant.

*Wiggin* and *Frink,* for the appellee.

CLARK, J. This is an appeal from a decree of the judge of probate, made February 20, 1878, upon the settlement of the administration account of the appellee as executor of the will of George H. Dodge. The following reasons of appeal were assigned: (1) Because the executor was charged with a balance of $185.78 only; (2) because he was allowed the sum of $72,565.62 wrongfully paid out as legacies to the heirs, in violation of the terms of the will; (3) because he was wrongfully allowed the sum of $789.71 for expenses and taxes paid on Western lands; (4) because he was wrongfully allowed $95 loss on personal property; (5) because he was not charged with $1,500 squandered by his agent; (6) because he was not charged with $1,150 lost by his negligence in lending money to George D. Dodge; (7) because he was not charged with the value of 2,600 acres of land in Wisconsin, which he held in mortgage as a part of the estate; (8) because he was not charged with the sum of $1,500 and $1,150 which by mistake or fraud he had been credited with on the settlement of his former accounts. The appellee moved to reject all the reasons of appeal except the third,— the 1st as insufficient; the 2d, 4th, and 6th, and the 8th, as to the item of $1,150, because they relate to matters in which the appellant has no interest, having waived the provisions of the will, and received her share of the personal estate at the appraisal; and the 5th, 6th, 7th, and 8th, because all of the matters were compromised and settled by and between the appellee and all the parties interested in the estate, including the appellant, without concealment or fraud on the part of the appellee, or mistake or misapprehension on the part of the appellant, at the time of the settlement of his third account as executor, May 21, 1875, preparatory to the final division of the estate according to the will of said George H. Dodge; and because the judge of probate, after a full hearing, decreed, upon the ground fully set forth in the reasons for said decree, that the appellee should not be required to account further as to any of said matters, from which part of said decree no appeal was taken.

Upon the motion to dismiss, a referee was appointed, who has made his report, finding that the facts alleged by the appellee as grounds for rejecting the reasons of appeal, except the third, are proved by the evidence produced before him. The appellant moves to set aside the report for alleged errors and irregularities, and as contrary to the evidence. The report being returnable to the law term, this motion may be considered at the law term, although, as a general rule, questions of fact are to be determined at the trial term. The appellant is the widow of George H. Dodge. The appellee was appointed executor of George H. Dodge, March 19, 1862, and by the provisions of the will he was to hold and manage the estate until 1875, when distribution was to be made. The referee finds that the appellant " waived the provisions of the will of said deceased in her favor, August 12, 1863, received her share of

the estate, and receipted therefor to the executor, prior to the decree of the probate court made the 25th day of February, 1878, from which this appeal is taken, and that she had no pecuniary interest in the matters mentioned in her reasons for appeal, excepting a possible interest in the third reason, which is not included in the appellee's motion to dismiss." It is conceded that the appellant waived the provisions of the will, and that a settlement was had; but it is contended that the finding of the referee, that she had received her share of the estate, and had no pecuniary interest except in the third reason of appeal, is erroneous, and contrary to the evidence.

An exhibit, showing the details of the settlement between the appellant and the executor, has been furnished to the court, from which it appears that the share of the appellant in the estate was determined by ascertaining the whole estate, in the following manner :

| | |
|---|---:|
| Goods and chattels, as per inventory . . . | $2,966.90 |
| Notes as collected . . . . . . . | 2,244.70 |
| Personal estate not appraised . . . . . | 3,269.07 |
| Notes v. G. D. and O. A. Dodge . . . . | 2,485.95 |
| 5 shares in Newburyport bridge . . . . | 100.00 |
| 1,125 shares in M. & L. Railroad, appraised at . . | 112,500.00 |
| Gain on sale of personal estate . . . . | 7,231.10 |
| | $130,797.72 |

It is stated that the claim against Gilmore & Kenrick, and the claim against W. H. H. Bailey, being uncertain as to amount that may be recovered, are not included in the above, and that Mrs. Dodge will be entitled to her share when recovered. From the foregoing amount was deducted,—

| | |
|---|---:|
| Amount of notes secured by pledge of stocks . . | $63,355.67 |
| "       debts allowed by com'r . . . | 23,637.57 |
| Expenses of administration and law-suits . . | 2,865.11 |
| Allowance to Mrs. Dodge . . . . . | 1,200.00 |
| | $91,058.35 |

which, deducted from $130,797.72, showed the whole amount of personal estate (not including the Gilmore & Kenrick and Bailey claims) to be $39,739.37, one eighth of which, $4,967.42, was found to be the appellant's share in the whole estate, excepting the above claims, as there were seven children. Upon this sum interest was reckoned from the return of the inventory to June 14, 1866, which appears to have been the time of the settlement, and to this amount was added the allowance made to the appellant as widow, with interest, making her share in the estate, June 14, 1866, $7,549.08. From this amount was deducted what she had previously received,

leaving a balance then due of $3,344.18.   Of this, $3,000 was paid November 1, 1866, by thirty shares of Manchester & Lawrence Railroad stock at its par value; and the final balance was paid April 11, 1867, and the following receipt given to the executor by the appellant:

"April 11, 1867.

"I have settled with W. W. Stickney, executor of George H. Dodge, for the allowance made to me, and for my distributive share of said estate, according to the foregoing statement, and have received said shares and said $213.97 in full, except the claim against Gilmore & Kenrick and against W. H. H. Bailey before mentioned.                     Mary K. Dodge."

It appears that the appellant received her share of the claim against Gilmore & Kenrick July 27, 1868.   If there was no fraud, concealment, or mistake in this settlement, this evidence sustains the finding of the referee.

It is contended by the appellant's counsel that this settlement was fraudulent, because it appears from the first administration account of the executor, settled in probate court June 13, 1866, that he charged himself with the sum of $24,046.40, received as dividends on Manchester & Lawrence Railroad stock and interest, and this sum does not appear in the account of assets of the estate upon which the settlement with the appellant was made; and therefore it is argued that the appellant was defrauded of her share of those dividends.   If this charge was true, it is not a matter open to inquiry in this proceeding because it is not included in any of the reasons for appeal *(French* v. *Currier,* 47 N. H. 88, *Caswell* v. *Hill,* 47 N. H. 407*)*; and it is not claimed that the executor did not include all dividends received in his administration account.   But the charge is without foundation in fact.   The share of the appellant in the estate at the time of the return of the inventory, before any dividends had accrued, was ascertained, and she was allowed interest upon that sum until the time of payment; and at least $3,000 of her share was paid in Manchester & Lawrence Railroad stock at its par value.   Instead of dividends, she received interest and stock at par.   It is also claimed that the executor, in 1864, had sent $1,500 to pay taxes upon Western lands covered by the Bailey mortgage, which had been embezzled by the party to whom it was sent, and that the appellant should have been allowed her share of that sum in the settlement.   It is a sufficient answer to this claim, that in determining the share of the appellant this $1,500 was not deducted from the assets of the estate, as appears from an examination of the first administration account rendered, and the exhibit of the settlement between the appellant and the executor.   No other objections to the settlement between the executor and the appellant have been suggested; and these not being well founded, the finding of the referee upon the first point is sustained.

The appellant, having received her full share of the estate by the settlement of 1866, excepting the Bailey mortgage, had no interest in the subsequent distribution of the estate, excepting such funds as might be derived from the mortgage; and the executor having realized nothing from that claim, it follows that the appellant had no pecuniary interest in the distribution among the legatees of the residue of the estate in the hands of the executor; and the referee so finds. This disposes of all the reasons for appeal, excepting those which relate to the matter of the Western lands or Bailey mortgage.

It is claimed by the appellee that all matters pertaining to the Bailey mortgage, with the exception of certain payments of taxes and expenses embraced in the third reason of appeal, were finally determined and adjusted in the settlement of the executor's third administration account in May, 1875, and that all transactions and claims of all the parties interested in the estate were then fully considered and settled; that the settlement was the result of a compromise and adjustment upon a full understanding and consideration of all matters pertaining to the administration of the estate, and was then understood by all parties to be a final settlement preparatory to the distribution of the estate in accordance with the provisions of the will of the testator; that there was no fraud or concealment on the part of the executor, and no mistake or misapprehension on the part of the legatees or appellant in any matters connected with that settlement; that no appeal was taken therefrom,—and the personal estate in the hands of the executor was then distributed upon the understanding of all parties that the settlement was a final adjustment of all matters included in it. The decree of the judge of probate upon the settlement of the executor's account, in February, 1878, from which this appeal is taken, sustained this claim of the executor, as appears from the record; and the facts and findings embodied in the report of the referee sustain the appellee's position.

But it is contended that the conclusions of the referee are erroneous, and that his findings are against the evidence. It is denied that the matters assigned as reasons of appeal were adjusted in the settlement of 1875, and it is also denied that the appellant was represented in that settlement, either personally or by attorney, or was a party to any examination, compromise, or adjustment of the matters embraced in that settlement.

We have examined and considered the facts reported by the referee, the record evidence submitted with the report, and the arguments of counsel, and are satisfied that the conclusions of the referee, that the matters embraced in the reasons of appeal were fully examined and adjusted in the settlement of the executor's account in May, 1875, and that the appellant was represented in that settlement by her authorized attorney, William H. Dodge, are fully warranted and sustained by the evidence in the case. The

amount involved in the Bailey mortgage, equal to the balance of the estate, as it is claimed, is a circumstance rendering it exceedingly improbable that it was overlooked in a settlement preparatory to a final distribution of the estate; and this circumstance, weighed in connection with the other evidence and circumstances in the case, justifies the conclusion of the referee that the matter of the Western lands was considered. This fact is also proper to be considered in determining whether the appellant was a party to the settlement of May, 1875. The appellant knew that by the provisions of the will the estate was to be divided in 1875. It had been thirteen years since her husband died. She knew she was entitled to share the Bailey claim equally with her children, and she knew it purported to be of large amount. These circumstances, together with the situation of the appellant, her relations to the other legatees and to William H. Dodge, who was an attorney-at-law, and admitted to have been authorized to act for her the day after the settlement; the length of time occupied by him in the examination of the accounts and doings of the executor previous to the settlement of 1875; the fact that several weeks elapsed between the notice of the settlement and its completion; the fact that it was understood to be a final settlement previous to a division of the estate; the fact that the·written power of attorney, which it was claimed was the only authority under which Wm. H. Dodge was authorized to act for the appellant, although dated the day after the settlement in probate court, contained this clause, "And we do hereby authorize and empower our said attorney in fact for us, and in our name and stead, to do all things that may be necessary to be done in settling up our claims and interests in the estate of our deceased father, George Hubbard Dodge, with the executor, William W. Stickney, of Exeter, * * * or the judge of probate before whom the said Stickney is to make his final accounting * * *;" the· fact that the appellant, immediately after the settlement of the executor's account, received a portion of the money due to the legatees on the distribution of the estate by virtue of assignments which she held on their shares;—all the facts and circumstances disclosed in the evidence were competent to be considered by the referee in determining whether the appellant was represented in the proceedings prior to and at the settlement of the executor's account. We think there was evidence sustaining the findings of the referee.

It is contended that the report should be set aside because the referee improperly received a written argument and suggestions from the appellee's counsel after the hearing was closed, as it is claimed. We have· examined the documents referred to, and do not discover, either in the papers themselves, or in the circumstances under which they were sent to the referee, any cause for setting aside the report. It is admitted that copies of these papers were furnished counsel for the appellant at the time they were

sent to the referee; and an examination of the papers shows that no impropriety was intended by the appellee's counsel in submitting them to the referee and to the appellant's counsel, and there was no impropriety in the action of the referee in receiving them.

*Motion to set aside the report denied.*

All concurred.