STATE *v.* CATHARINE THORNTON.

STATE *v.* JAMES THORNTON.

STATE *v.* JOHN H. TAYLOR.

Under Gen. Laws, *c.* 109, *s.* 15, an indictment for unlawfully keeping lager beer for sale need not allege that lager beer is spirituous or intoxicating liquor.

Such an indictment is not vitiated by an averment of a prior conviction of the defendant for a similar offence by a police court, not authorized to enter a conviction except upon a plea of guilty.

On appeal from a judgment of conviction in a police court having jurisdiction only to bind the defendant over to another court, the defendant prevails by a dismissal of his appeal.

1. INDICTMENT, for unlawfully keeping for sale five gallons of lager beer. The indictment also alleged that the defendant " has been convicted of a prior offence of unlawfully keeping for sale lager beer, by the police court of Concord."

The defendant moved to quash the indictment, because it is not alleged that the lager beer was spirituous or intoxicating; also, because the defendant cannot be convicted of a second offence when the first conviction was in a court which had no jurisdiction of the offence. Motion denied, and the defendant excepted.

2. COMPLAINT, for unlawfully keeping lager beer for sale. The defendant was arraigned before the police court of Concord, and pleaded not guilty. A hearing was had, and he was found guilty, and ordered to pay a fine of $10 and costs, from which sentence he appealed to this court, and was ordered to recognize for his appearance, &c., and to enter and prosecute his appeal, and recognized as ordered.

The defendant moved in this court to quash the complaint, because it is not alleged that the lager beer was spirituous or intoxicating, and because the police court had no jurisdiction to impose a fine; also, because *s.* 17, *c.* 109, Gen. Laws, was repealed by *c.* 102, Laws 1871, and *s.* 15 of the same chapter is no longer in force in any town. Motion denied, and the defendant excepted.

*E. G. Leach,* solicitor, for the state.

*Gould & Martin,* for the defendants.

CLARK, J. In an indictment or complaint, under Gen. Laws, *c.* 109, *s.* 15, for selling or keeping for sale lager beer, it is not necessary to allege or prove that lager beer is intoxicating. The stattute expressly prohibits the sale and keeping for sale of lager beer. The offence is created by the statute, and it is sufficient in an

indictment to follow the language of the statute when the words of the statute are descriptive of the offence. *State* v. *Blaisdell*, 33 N. H. 388; *State* v. *Keneston*, 59 N. H. 36; *Com.* v. *Timothy*, 8 Gray 480; *Com.* v. *Anthes*, 12 Gray 29; *Com.* v. *Dean*, 14 Gray 99; *Com.* v. *Chappel*, 116 Mass. 7; 1 Bish. Cr. Proc., *s.* 612 and notes; Bish. Stat. Cr., *s.* 1038.

The repeal of *s.* 17 of *c.* 109, Gen. Laws, which restricted the enforcement of *ss.* 15 and 16 of that chapter to such towns as should by a majority vote decide to enforce them, instead of repealing those sections left them in force and operative as if section 17 had never been enacted.

The objection, that Catharine Thornton could not be convicted of a second offence because the police court of Concord had no jurisdiction of the first offence of which she was convicted, is not sustained. For anything appearing, the former conviction and judgment may have been upon a plea of guilty, which authorizes a justice of the peace or police court to impose sentence and judgment for any offence mentioned in *c.* 109, Gen. Laws. If, upon the introduction of the evidence, the judgment of the police court is found to be unauthorized, the proof of a former conviction will fail, but the indictment will be sufficient to sustain a conviction of a first offence.

In the cases of James Thornton and Taylor, the police court exceeded its jurisdiction in imposing fines. On a plea of not guilty, the court could only order the defendants to recognize to appear at the next trial term of the supreme court, and abide the order of that court, and in the meantime to be of good behavior (G. L., *c.* 109, *s.* 22), and the judgments appealed from being unauthorized and void, the appeals should be dismissed.

*Exceptions overruled*, in the first case.

*Exceptions sustained*, in the second and third cases.

SMITH, J., did not sit: the others concurred.