STATE v. PERKINS.

The supreme court has no jurisdiction to try a complaint brought by appeal from the judgment of a police court, in a case where the police court has not authority to render judgment, but only to hold the defendant to recognize for his appearance at the trial term.

COMPLAINT, for unlawfully keeping for sale fermented cider in less quantities than ten gallons.   The complaint was entered in the police court of Pittsfield, and from the judgment of that court the respondent appealed.   Plea, not guilty.

The respondent moved to quash the complaint (1) because no crime is alleged; (2) because it is not alleged that the respondent was not the manufacturer of the cider; (3) because it is not alleged that the keeping for sale was not at the press; (4) because *c.* 102, Laws of 1881, repealing *s.* 17, *c.* 109, G. L., also repealed *ss.* 15 and 16 of the same chapter.   Motion denied, and the respondent excepted.

*E. G. Leach, solicitor,* for the state.

*A. F. L. Norris,* for the defendant.

STANLEY, J.   The motion to quash should have been granted. The police court had no authority to impose a fine upon the respondent.   He pleaded not guilty, and on this plea the court could not legally do more than determine whether there was probable cause to believe the respondent guilty, and, if satisfied that there was, order him to recognize for his appearance at the trial term of this court (G. L., *c.* 109, *ss.* 20, 21, 22); and the only remedy for the violation of law alleged in this complaint being by indictment, the court at the trial term had no jurisdiction to try the case on appeal. It is unnecessary to consider the other questions raised by the motion.

*Motion granted.*

SMITH, J., did not sit: the others concurred.