Lewis & a. v. LOUGEE *and Trustees, and* HUGHES & a., *Claimants.*

An assignment of wages to be earned, with the acceptance of the employer written upon the face instead of upon the back of the instrument, being duly filed with the town-clerk, is good against a creditor of the laborer who seeks to reach the fund by trustee process.

SMITH, J.   No assignment of or order for wages to be earned in the future is valid against any creditor of the person making the assignment or order, until a copy of the assignment or order, duly accepted in writing upon the back thereof, is filed with the clerk of the town or city where the party making the assignment or order lives, and the town- or city-clerk is required to keep for public inspection an alphabetical list of the orders and assignments filed with him.   G. L., c. 249, s. 48.   The object of the statute is the protection of creditors against secret and fraudulent assignments. An assignment of wages to be earned is valid between the parties, although no notice is given to creditors, and although there is no acceptance of the assignment by the employer of the assignor. *Garland* v. *Harrington*, 51 N. H. 409; *Conway* v. *Cutting*, 51 N. H. 407.   The protection afforded to creditors consists in the publicity given to the assignment when filed with the town-clerk.   They are afforded a convenient method of informing themselves as to the future pecuniary ability of the assignor.   Whether the employer's acceptance is upon the face or back of the assignment would seem to be of no consequence.   If notice of the acceptance is material, it would seem to be quite as likely to attract attention if written upon the face of the assignment as upon the back.

The statute provides that no deed shall be valid against "any person but the grantor and his heirs only," unless recorded.  G. L.,

*c.* 135, *s.* 4. The object of the enrolment of a deed is to give public notice of the sale and transfer of the property conveyed. *Brown* v. *Manter*, 22 N. H., 468. And actual or constructive notice of the existence of a prior unrecorded deed has the same operation as a record. *Rogers* v. *Jones*, 8 N. H. 264; *Clarke* v. *Merrill*, 51 N. H. 415; *Janvrin* v. *Janvrin*, 60 N. H. 172. The statute requires the posting up of a copy of the warrant for a town-meeting. But the posting up of the original warrant instead of a copy is no legal objection to the meeting, because the original gives at least as good a notice as could be given by posting up a copy. *Brewster* v. *Hyde*, 7 N. H. 206. The statute of 1829 directed that upon the application of a prisoner to take the poor debtor's oath, the creditor should be served with a copy of the application and order thereon. Laws 1830, *p.* 476. But it has been held sufficient if he was served with the original application and order, upon the ground " that if the delivery of copies is due notice, *a fortiori* a delivery of the original must be so." *Eaton* v. *Miner*, 5 N. H. 542. So, too, it has been held that a negotiable promissory note may be transferred by the holder's endorsing his name upon the face of the note, and that the transferee may maintain a suit thereon. *Folger* v. *Chase*, 18 Pick. 63; Big. Bills and Notes 135. Doubtless other analogous cases might be instanced where it has been held that there was a substantial compliance with requirements of statutory provisions, although the strict letter of the statute was not observed.

In *Farnum* v. *Bell*, 3 N. H. 72, the question was upon the sufficiency of the endorsement of a writ. No question as to the sufficiency of notice to third persons was involved, and that case differs from the present and from those above cited in this respect. If that case is inconsistent with the grounds on which we have placed the decision in this case, we are unable to follow it. We cannot see that the fact that the acceptance was written upon the face of the order gave the plaintiffs any less notice or any less protection than it would if written upon the back; and we regard the statute in this particular as directory merely.

*Exceptions overruled.*

ALLEN, J., did not sit: the others concurred.

*W. B. Fellows*, for the plaintiffs.

*J. L. Wilson*, for the claimants.