ADAMS, *Ap t, v.* ADAMS *& a.*

A petition to the probate court for the appointment of a trustee will not be dismissed for want of service, because the original petition, instead of a copy, was left with the defendant.

The conduct of one who is appointed in a will to an active trust concerning property and incomes may amount to a declination of the trust without words; and in such a case the probate court may appoint another to fill the vacancy.

In a petition, which asks generally for the appointment of some suitable person or persons to a trust, one who has appeared in the probate court to oppose the granting of the petition need not have formal notice of a further application, in the form of a petition which names the trustees desired.

An objection that the petitioners are not jointly entitled to maintain the proceeding, if available at all, must be interposed at the earliest opportunity.

APPEAL from a decree of the probate court appointing Charles F. Stone and John B. Garland trustees under the will of Isaac Adams, upon the petition of the defendants, beneficiaries of an active trust thereby created, respecting the management of a large amount of property, real and personal, and the distribution of the income to minor children.

The trustees named in the will were Anna R. Adams, the testator's widow, and this appellant, Julius Adams, his son. The widow died without entering upon the duties of the trust. The appellant contested the will in a suit which lasted about two years, and was finally determined in favor of sustaining the will; and he never undertook or offered to perform any of the duties of the trust with respect to the control, care, and management of the trust estate, or the rights of the beneficiaries under the will, up to the filing of this petition. Facts found by the court.

*Julius Adams* (of Massachusetts), for the plaintiff.

*T. J. Whipple*, for the defendants.

SMITH, J.   1. The plaintiff moves to dismiss the petition for want of service.   By mistake, the original petition and order of notice, instead of copies, were left at his place of abode.   The object of notice was to inform him of the pendency of the proceedings in the probate court in order that he might appear and defend.   The original papers gave him the same information that copies would.   The law generally, if not always, regards the substance rather than the form of proceedings.   In this case, as no possible harm was or could be done to any one by the mistake, justice does not require the dismissal of the petition for the reason assigned.   A similar question was raised in several cases referred to in *Lewis* v. *Lougee*, 63 N. H. 287.

2. The plaintiff also moves to dismiss for want of jurisdiction in the probate court.   The judge of probate has jurisdiction to appoint a trustee in the place of one who declines the appointment, or is removed, or resigns, and may remove a trustee who has become " disqualified for the discharge of the trust by becoming insane, or otherwise incapable, or evidently unsuitable for the execution of the trust."   G. L., *c.* 205, *ss.* 5, 7.   The plaintiff did not formally and expressly decline the trust; but his refusal, for more than two years after the decease of the testator and for more than two months after the order of the supreme court affirming the probate of the will, to take any steps looking to his appointment, or to file a bond, or to take possession of and manage the trust property, or to enter into any arrangement when applied to by the beneficiaries during the contest over the will, by which they might receive an allowance from him or from the income accumulating in the hands of the executors, and his suffering the buildings to become out of repair and untenantable, and the land to be sold for non-payment of taxes, are acts inconsistent with any purpose on his part to accept the appointment and properly discharge the duties of the trust, and are equivalent to a declination of the trust.   His payment of small sums of money to his brother and sister while the contest upon the will was pending, was not done in the execution of the trust.   He expected to be reimbursed from their shares in the estate when they should come to realize them.   The money was in fact loaned.   He did not at the hearing in either court claim that he had accepted the trust, and he does not now offer to accept it.   A declination need not be expressed.   It may be inferred from acts or conduct.   *Cloutman* v. *Pike*, 7 N. H. 210; *Johnston* v. *Wilson*, 2 N. H. 202.

Upon a petition for his removal, the plaintiff might be removed if he had accepted, it appearing that he is an unsuitable person for the execution of the trust.   That fact is expressly found, and all

the facts show it. It would be the duty of the court to remove him. His complaint here is that others have been appointed trustees instead of him. This petition proceeds upon the ground that the office is vacant. It sets forth that in and by the will "certain property, both real and personal, was devised in trust for the benefit of the petitioners and their families, and certain persons were named in said will to hold and manage the same as trustees in a manner directed in said will, one of whom is deceased, and neither of whom has been appointed to said trust; and the surviving party named in said will as trustee has failed to qualify as required by law, and is otherwise ineligible to receive the appointment; and the petitioners are *cestuis que trust* named in the will." The prayer is "that such suitable person or persons, as to the court may seem just and right, be appointed their trustee or trustees, upon filing such bonds as the court may order." Upon the facts shown, the judge of probate and the supreme court at the trial term were justified in treating the office as vacant, and in appointing another person to execute the trust in place of the plaintiff.

3. The ruling of the court at the trial term, to proceed with the trial without passing upon the defendants' demurrer, presents no question open to revision at the law term. That question, like many others which are mere matters of practice, is necessarily determined at the trial. *Owen* v. *Weston*, 63 N. H. 599. But if the question can be regarded as an open one, it is certain a trial of the case upon its merits could not injure the plaintiff, for if the trial should result in his favor the demurrer could then be considered, the costs being regulated as justice might require; and if the result should be against him, there would be no occasion to pass upon the demurrer. An exception to a ruling by which a party is not harmed cannot be sustained.

4. The cause having been continued *nisi*, the trial court had jurisdiction of the same during the vacation following the close of the term of that court. *Strafford Bank* v. *Cornell*, 2 N. H. 324, 329; *Shapley* v. *White*, 6 N. H. 175; *State* v. *Rye*, 35 N. H. 375.

5. The plaintiff objected to the caption of the defendant's depositions at the time of the caption. His neglect to furnish us with the depositions, or to inform us of the nature of his objections, must be considered as a waiver of them (*Lobdell* v. *Marshall*, 58 N. H. 342); and his permitting the depositions to be read at the trial without objection was also a waiver of the objections taken at the caption.

6. The special petition for the appointment of Stone and Garland was in the nature of a supplemental petition, or an amendment of the original petition; and no notice was necessary to the parties who had appeared in the original petition. *Metcalf* v. *Gilmore*, 59 N. H. 417, 431.

7. It is no objection to the petition that the plaintiff's name was not mentioned in it as "the surviving party named in the will as trustee" who "has failed to qualify as required by law, and is otherwise ineligible to receive the appointment." The petition is somewhat inartificially drawn. But no one objects except the plaintiff, and he has not been misled. The will on file in the probate office appoints him, and his mother, Anna R. Adams, trustees. That he has been informed of her death is certain from the fact that he has offered her will for probate. But if the defect can be considered material, it is one that can be cured by amendment. Neither the identity of the persons intended, nor the nature of the subject-matter of the petition, would thereby be changed. *Patrick* v. *Cowles*, 45 N. H. 553; *Dodge* v. *Stickney*, 60 N. H. 461.

8. No notice to the executors of the will is necessary. They are not interested in the subject-matter of the petition; but if it were otherwise, there would be a question whether service on one were sufficient. Personal service having been made upon the contingent remainder-men, the only other persons interested are the children of Durward Adams and Mrs. Ulman. One of the children of Mrs. Ulman is of age, and does not object. The interest of the others is represented by their parents. If a more formal appearance is necessary, Durward Adams and Mrs. Ulman, or some other suitable person, can be appointed guardian *ad litem* for the minor children, and such further hearing had, if any, as their interests may require.

9. The objection that the "original petition was not on file in the probate registry, nor was it produced at the hearing," is sufficiently answered by the fact that the plaintiff had it in his possession at the hearing in the probate court, and did not disclose the fact.

10. If the objection that the defendants cannot maintain a joint petition might be interposed, it should have been made at the earliest opportunity.

11. The appointment of a person to administer a trust which the plaintiff has declined to accept is not an invasion of rights guaranteed to him by section 1 of the 14th amendment of the constitution of the United States.

12. If there are other objections contained in the plaintiff's assignment of reasons of appeal which we have not considered, they either are not supported by the facts found at the trial, or do not seem to us, in the absence of any suggestions from the plaintiff by way of brief or argument, to be of sufficient importance to merit special mention. The proceedings before the probate court are not quashed by the appeal. The whole case within the causes of appeal filed is open to the plaintiff at the hearing in the appeal; and if there were defects of form or substance in the proceedings in the probate court, they give the plaintiff no cause for complaint, the court to which he has appealed having jurisdiction of all mat-

ters in which he complains there was error.  *Campbell* v. *Wind-ham,* 63 N. H. 465; *Moses* v. *Julian,* 45 N. H. 52, 59, 60; *Perkins* v. *George,* 45 N. H. 453, 454.

*Exceptions overruled.*

ALLEN, J., did not sit: the others concurred.