Rockingham, ⟩
 June, 1894. ⟨ .

### Norway Plains Savings Bank *v.* Young, *Assignee.*

The question of the competency or sufficiency of the evidence before the probate court is not material in this court upon appeal.

Appeal, by attaching creditors, from a decree of the judge of probate in an involuntary insolvency proceeding, adjudging the debtor insolvent. Trial by the court. The following, with other, reasons of appeal were assigned: That, at the time of the adjudication, claims amounting to $300 were not filed or proved by the petitioning creditor, and that the insolvency of the debtor was not proved. The petition alleging the facts, sworn to by the petitioner, and an admission by the plaintiffs that the debtor was insolvent were the only evidence submitted to the judge of probate on these points. The debtor owed the petitioner more than $300, and was insolvent. The decree of the probate court was affirmed, and the plaintiffs excepted. The other rulings at the trial are not reported because they involved no question of law, or were in favor of the plaintiffs and so become immaterial.

*Worcester, Gafney & Snow*, for the plaintiffs.

*Eastman, Young & O'Neill, Arthur O. Fuller*, and *John S. H. Frink*, for the defendant.

Chase, J. Questions brought to this court by appeal from a judge of probate are tried anew, as if they had not been tried before. *Wallace* v. *Brown*, 25 N. H. 216; *Bixby* v. *Harris*, 26 N. H. 125, 128; *Cook* v. *Bennett*, 51 N. H. 85, 91; *Adams* v. *Adams*, 64 N. H. 224, 227. The character of the trial in the probate court is therefore not material here. It was found at the trial term, presumably upon competent and sufficient evidence, as no exception on this ground is reported, that the debtor was owing the petitioning creditor more than $300, and was insolvent. This finding supports the decree. P. S., *c.* 201, *s.* 42.

*Exception overruled.*

Blodgett, J., did not sit : the others concurred.