Coös, ⎱
Dec., 1895. ⎰

### STATE *v.* WILLIAMS, *Ap't.*

Justices of the peace and police courts are authorized, subject to appeal, to hear and determine, upon a plea of not guilty, complaints charging a violation of *c.* 112, P. S., of the sale of spirituous and intoxicating liquors, when the penalty prescribed for the offence charged is a fine of ten dollars.

APPEAL, from the police court of Northumberland. The defendant was convicted in the police court upon his plea of not guilty to a complaint charging him with keeping for sale lager

beer and fermented cider, and sentenced to pay a fine of ten dollars and costs. From this conviction and sentence the defendant appealed, and having entered his appeal in the supreme court, moved to dismiss the same, claiming that the judgment appealed from was unauthorized and void, and that police courts have not jurisdiction to hear and determine, upon a plea of not guilty, any offence arising under c. 112, P. S., of the sale of spirituous and intoxicating liquor.

*Herbert I. Goss*, solicitor (with whom were *James W. Remick* and *Daniel C. Remich*), for the state.

*Drew, Jordan & Buckley* and *Robert N. Chamberlin*, for the defendant.

*George B. Cox*, in behalf of the Law and Order League of New Hampshire, filed a brief.

PARSONS, J.   Whether s. 28, c. 112, P. S., is modified by c. 117, Laws 1895, and whether that act is void because of constitutional limitations, are questions which it is not necessary to consider in the present case.   It is conceded that the legislature had constitutional power to confer the jurisdiction exercised in the present case; and that by the general provisions of the Public Statutes, c. 248, ss. 3–7, such jurisdiction is conferred upon police courts unless the general authority there given over "any prosecution or action of a criminal nature" does not extend to cases under c. 112, because of the limitations imposed by s. 28 of that chapter. The claim is that by this section justices and police courts have jurisdiction merely to bind over to the supreme court persons charged with any offence mentioned in the chapter, even if the offence charged would otherwise be within their general authority to hear and determine.   The section is as follows : "Sect. 28. If upon proceedings had before a justice or police court for any offense mentioned in this chapter, the accused shall plead not guilty, and the justice or court, on hearing the evidence, is of opinion that he is guilty of the offense charged, the justice or court shall order the offender to recognize, with two or more sufficient sureties, in a sum not less than two hundred nor more than four hundred dollars, to appear, . . . and in the meantime to be of good behavior, and not to violate any provision of this chapter."   Beside numerous offences not within the jurisdiction of justices or police courts, as defined in the Public Statutes, to hear and determine, the chapter mentions offences in ss. 14 and 17, the only penalty for which is a fine of ten dollars.   Does s. 28 apply only to cases where a justice or police court has not otherwise jurisdiction to hear and determine, or is the general jurisdic-

tion conferred in c. 248, *supra*, conferred with the proviso, " except offenses mentioned in c. 112 " ? What was the intent of the legislature in the enactment in 1891 in the general body of statute law, under the title of the Public Statutes, of the two sections which, literally construed, appear to be in conflict? That intention is to be ascertained by competent evidence and not necessarily by the application of arbitrary rules. *Opinion of the Justices*, 66 N. H. 650, 651, 661–670. Either the general provisions of c. 248 must be read with the proviso," except the offences mentioned in c. 112," or the authority to bind over in s. 28, c. 112, was intended to be exercised only in cases where the justice or police court had not authority to hear and determine. By the literal conflict we are forced to the adoption of one construction or the other.

Our attention has been called to *State* v. *Perkins*, 63 N. H. 89, and *State* v. *Thornton*, 63 N. H. 114, 115, as construing similar language in the General Laws, c. 109, s. 22, to mean that justices and police courts have not authority to hear and determine such offences. Neither these cases nor the general rule that the legislature in re-enacting a statute in the same language is presumed to have adopted the meaning already given it by the courts (Bish. Wr. L., s. 97) are necessarily decisive of the present case. The question remains, what was the intent of the legislature in 1891. " Ordinarily, if there are a general statute and one local or special on the same subject in conflicting terms, neither abrogates the other, but both stand together. . . . But where from anything cognizable by the judges they are satisfied the general law was meant to supersede the local or special, they will give it such effect." Bish. Wr. L., s. 112 b. The sections under discussion are parts of one act, though found in different chapters, and the whole body of the act is competent for consideration upon the question of legislative intent. *Hitchins* v. *Pettingill*, 58 N. H. 386, 390. Assuming that the legislative intent in 1878 was as found in the cases cited (*State* v. *Perkins*, *State* v. *Thornton*, *supra*),— a point upon which no opinion is now expressed,— such changes were introduced in 1891 as compel a finding of a contrary intent in the Public Statutes. For though the words of s. 28 do not differ materially from the language used in the corresponding section of the General Laws, nevertheless the changes made in c. 248, entitled " Courts of criminal jurisdiction," with corresponding alterations in the liquor statute, establish the legislative intent to enact in 1891 a code of procedure uniform in all criminal cases. If the legislature intended a special procedure in liquor cases in 1878, in 1891 the contrary purpose cannot be mistaken. Under the General Laws, upon a plea of guilty or *nolo contendere*, a justice was authorized to render final judgment and sentence in any case where the fine was fixed by law and did not

exceed one hundred dollars (G. L., *c.* 252, *s.* 7); and by Laws 1881, *c.* 5, *s.* 1, like authority was given police courts upon the same pleas in cases where the fine did not exceed two hundred dollars and the term of imprisonment did not exceed six months. By special provisions of the liquor statute (G. L., *c.* 109, *ss.* 20, 21), a justice or police court had like authority over any offence mentioned in that chapter upon a plea of guilty or *nolo contendere,* or in case the accused elected a trial by the justice or court and filed a writing waiving his right of appeal. These provisions are found without change in the Commissioners' Report upon the Public Statutes (*c.* 111, *ss.* 28, 29; *c.* 247, *ss.* 4, 8); but the general sections were amended by the legislature by adding to each the clause previously found only in the liquor statute, authorizing final judgment and sentence if the accused elects a trial by such court or justice and in writing waives his right of appeal. Section 4, *c.* 247 of the Report was also amended with the evident purpose, perhaps not entirely successful (P. S., *c.* 112, *ss.* 27, 33), of including within it the offences mentioned in the chapter upon the sale of liquor. At the same time *ss.* 28 and 29 of *c.* 111 of the Commissioners' Report (G. L., *c.* 109, *ss.* 20, 21) were stricken out. Report of Joint Special Committee on the Public Statutes, *p.* 21, *s.* 106; *p.* 34, *ss.* 171, 172. These changes are substantial evidence of great weight tending to establish an intention to make general what was before special. The intention was not to deprive a person accused of a statutory offence in relation to the sale of liquor of the right to elect a trial before a justice or police court, but it was to extend that privilege to all offenders. Hence the provision directing justices to bind over in all cases remained as it had been since 1867 (G. S., *c.* 99, *s.* 16; Commissioners' Report, G. S., *c.* 100, *s.* 16), subject to the proviso, unless the accused elects a trial in the manner prescribed. The legislature understood this special provision was as much an exception to the comprehensive terms of *s.* 28, *c.* 112, P. S., standing in the general chapter upon criminal procedure, as it was when placed in the liquor statute. This view was held because of a general understanding that all the provisions of *c.* 248 applied according to their terms to criminal proceedings generally. It cannot logically be said that the legislature understood that *s.* 8 of *c.* 248, P. S., by its general terms limits the application of *s.* 28, *c.* 112, without admitting that *s.* 3 has a similar effect. The amendments cited could not have been made as they were made except upon a legislative understanding that the provisions of *c.* 248 applied to all cases to which they were in terms applicable. Such understanding is the legislative intent. The legislative understanding that the provisions of *c.* 248 applied to all cases established by the amendments made in the course of its adoption, is conclusive evidence of the legislative intent in the

enactment of s. 28, c. 112, and ss. 3–7, c. 248, P. S. The latter sections confer jurisdiction in all cases, and the direction of the former section to bind over is not intended to and does not violate the general principle of uniformity and establish a peculiar rule in liquor cases, but merely prescribes the procedure when the offence charged is not within the general jurisdiction of the justice or police court. As by the statutes in force before the enactment of c. 117, Laws 1895, which are not affected directly or by implication by that act, the police court had jurisdiction to hear and determine the offence charged, the judgment rendered was valid, and the case is properly brought before this court by appeal.

*Motion to dismiss denied.*

All concurred.

---

## MEMORANDUM.

Chief Justice DOE died on the ninth day of March, 1896.

On the first day of April, 1896, Mr. Justice CARPENTER was appointed chief justice of the court to fill the vacancy occasioned by the death of Chief Justice DOE.

On the fourteenth day of April, 1896, Mr. ROBERT GORDON PIKE was appointed an associate justice of the court to fill the vacancy occasioned by the appointment of Mr. Justice CARPENTER to be chief justice, and took his seat upon the bench, April 21, 1896, at the trial term then held at Lebanon.