Merrimack, }
Dec., 1898. }

MECHANICKS NATIONAL BANK, *Ap't,* *v.* ALDRICH, *Assignee.*

Where just claims against the estate of an insolvent debtor have been disallowed by the probate court because of informality in the proof, the creditor may be allowed to amend upon appeal.

PROBATE APPEAL, from the disallowance, in insolvency proceedings, of the plaintiffs' claim against the individual estate of C. C. Shaw. Facts found by the court.

C. C. Shaw and C. B. Whittemore, partners under the firm name of Shaw & Whittemore, were decreed insolvent debtors. The plaintiffs held four notes signed by Shaw alone, one signed by Shaw & Whittemore and C. C. Shaw, and two signed by C. C. Shaw and C. B. Whittemore, the last three being joint and several. They filed the first four notes, attached to one proof of claim, with an affidavit that it was a true statement of their claim against C. C. Shaw, and the other notes attached to another proof, with an affidavit that it was a true statement of their claim against Shaw & Whittemore. They understood that these proofs entitled them to share upon all the notes in the distribution of Shaw's individual estate. The three last mentioned notes were not allowed against that estate, and the bank appealed.

*Leach & Stevens,* for the plaintiffs.

*Almon F. Burbank, Albin, Martin & Howe,* and *John M. Mitchell,* for the defendant.

PEASLEE, J. It is found as a fact that all the notes were just claims against Shaw's individual estate, and that the plaintiffs understood that the proofs were sufficient to entitle them to share therein. The proof relating to the joint and several notes should have been in a different form, so as to show against what estates it was made; but as the creditor understood that it was sufficient, an opportunity to amend should have been given. The whole matter being before the court upon appeal, an amendment to the proof may be filed at the trial term. *Adams* v. *Adams,* 64 N. H. 224, 227. When the amendment is filed the claim will be allowed against Shaw's individual estate.

*Case discharged.*

PARSONS, J., did not sit: the others concurred.