Hillsborough, }
  Dec., 1900. }

### McQUADE, *Adm'r*, v. MANCHESTER.

The imposition by a police court of a fine not exceeding two hundred dollars, upon a plea of guilty or *nolo contendere*, is not a hearing and determination of a criminal action, within the meaning of section 3, chapter 248, of the Public Statutes.

An action cannot be maintained for the recovery of a fine not exceeding two hundred dollars, imposed by a police court for a confessed violation of law.

ASSUMPSIT, for money had and received. Facts agreed. Between April, 1895, and March, 1897, the plaintiff's intestate was arraigned before the police court of Manchester upon sundry complaints charging that he kept spirituous liquor for sale contrary to law. In each instance he pleaded guilty or *nolo contendere*, and was fined $50 and costs for the first offence, and $100 and costs for subsequent offences. He paid the fines and costs to the chief of police, who paid the same to the city treasurer. The plaintiff made a demand upon the defendants for the money so paid, but they refused to repay it. The court ordered judgment for the defendants, and the plaintiff excepted.

*John O'Neill*, for the plaintiff.

*George A. Wagner*, for the defendants.

PIKE, J.   The fines in question were imposed in accordance with the statute which provides that "police courts may render final judgment and sentence in any criminal case where the fine does not exceed two hundred dollars, . . . if the accused pleads guilty or *nolo contendere*." P. S., *c.* 248, *s.* 8.   The authority of a police court to render final judgment and impose a fine under such circumstances is confirmed by the opinion in *Philpot* v. *State*, 65 N. H. 250, which holds that a respondent has no right of appeal from such a judgment.   See, also, *State* v. *Williams*, 68 N. H. 449, 451.

The holding in *State* v. *Jackson*, 69 N. H. 511, that a police court has not authority under the constitution to "hear and determine any prosecution or action of a criminal nature" where the punishment is a fine exceeding ten dollars (P. S., *c.* 248, *ss.* 3, 7), is not applicable to the present case.   Here the respondent by his pleas confessed his guilt, and the justice's duty did not require him to "hear and determine" the merits of the case.   The fines having been paid by the intestate for confessed violations of the law, in accordance with the judgment of the court, under the provisions of a valid statute, this action cannot be maintained.

*Exception overruled.*

PARSONS, J., did not sit: the others concurred.