Grafton, ⎱
Feb. 7, 1905. ⎰

### BICKFORD *v.* FRANCONIA.

An appeal is a continuation of a suit for the purpose of obtaining a new trial, upon which the case is heard as an original action and as if no judgment had been rendered in the court below.

The fact that one of the selectmen before whom a highway petition was originally brought was disqualified to act by reason of interest is not a jurisdictional defect which operates to quash the proceeding, but is a voidable irregularity for which an appeal furnishes an adequate remedy.

APPEAL, from the decision of the selectmen in the laying out of a highway. The grounds of complaint in the appeal are: (1) The decision laying out the highway; (2) the assessment of damages; (3) that one of the selectmen was disqualified by inter-

est, as an owner of land over which the highway passed. The
defendants moved that " the last ground of appeal be stricken out,
for the reason that this grievance , is not the subject of appeal."
At the September term, 1904, of the superior court, the motion
was denied *pro forma* by *Pike,* J., and the defendants excepted.

*George F. Morris,* for the plaintiff.

*Batchellor & Mitchell,* for the defendants.

PARSONS, C. J.    An appeal is a continuation of the original
suit, for the purpose of obtaining a new trial and a new judgment.
It is analogous in its effect to the award of a new trial, by which
the previous verdict is entirely set aside, and the case is to be
heard anew like an original action and as if no judgment had been
rendered in the court below.    In highway appeals and generally,
the appeal vacates the judgment in the court below, and the judg-
ment in the appellate court is a distinct and original judgment.
P. S., *c.* 68, *s.* 8; *Morse* v. *Wheeler,* 69 N. H. 292; *Cook* v. *Ben-
nett,* 51 N. H. 85, 91; *Stalbird* v. *Beattie,* 36 N. H. 455; *Wallace*
v. *Brown,* 25 N. H. 216, 220; *Mathes* v. *Bennett,* 21 N. H. 188,
203.
     In his highway appeal the plaintiff alleges that the tribunal ren-
dering the judgment from which he appealed was disqualified
because of interest to act in the decision of the original petition.
P. S., *c.* 45, *s.* 6.    The defendants move to strike this allegation
from the petition.    They take the position in their brief that the
plaintiff, if aggrieved by the illegal constitution of the original
highway tribunal, has a sufficient remedy in a new trial before a
new tribunal, to which he is entitled upon appeal, while the
plaintiff advances the claim that the disqualification, if conceded
or found to be true, is a sufficient objection against referring the
petition to the county commissioners (P. S., *c.* 68, *s.* 5); that
no new trial can be had, but the decision of the selectmen must be
reversed without an investigation of the merits.
     Upon these claims, the real question between the parties is
whether the error alleged is fatal to the further maintenance of the
original petition.    This question would seem to be more properly
raised by a motion by the plaintiff to quash or dismiss the pro-
ceedings, or by objection to a reference of the petition to the county
commissioners.    As the matter in dispute appears to be plain, it
is not advisable to take time to consider whether it is technically
presented by the motion and *pro forma* ruling in the superior
court.    The question is as to the jurisdiction of the appellate
court to entertain the appeal and proceed to a trial upon the mer-

its. Where the objection goes to the jurisdiction of the original tribunal over the subject-matter, the judgment is void, and the appellate tribunal acquires no jurisdiction of the merits upon appeal. The proceedings may be quashed on motion or dismissed. *State v. Gerry,* 68 N. H. 495; *State v. Perkins,* 63 N. H. 89; *State v. Thornton,* 63 N. H. 114; *Northern R. R. v. Enfield,* 57 N. H. 508; *State v. Runnals,* 49 N. H. 498; *State v. Dolby,* 49 N. H. 483; *Perkins v. George,* 45 N. H. 453. But the personal disqualification to act in a particular case, of a member of a tribunal having jurisdiction of the subject-matter, does not render the judgment in such case void. It is merely voidable—liable to be set aside upon appeal, writ of error, prohibition, or *certiorari.* For such error an appeal furnishes a complete remedy. *Fowler v. Brooks,* 64 N. H. 423, 424: *Logue v. Clark,* 62 N. H. 184; *Perkins v. George,* 45 N. H. 453, 454; *Moses v. Julian,* 45 N. H. 52, 54; *Gorrill v. Whittier,* 3 N. H. 265, 269; Van Fleet Col. At., s. 45. The original petition is not necessarily quashed for error in the proceedings before the appeal. The whole case as presented by the appeal is before the court; and if there are defects of form or substance they give the plaintiff no cause of complaint, the court to which he has appealed having jurisdiction of all matters in which there was error. *Moses v. Julian, supra; Perkins v. George, supra; Adams v. Adams,* 64 N. H. 224, 227, 228; *Campbell v. Windham,* 63 N. H. 465; *Peirce v. Portsmouth,* 58 N. H. 311; *Underwood v. Bailey,* 58 N. H. 59; 56 N. H. 187. It is a general rule that objections to the competency of a tribunal having general jurisdiction of the subject-matter may be waived. *Gilmanton v. Ham,* 38 N. H. 108; *Warren v. Glynn,* 37 N. H. 340. By statute, the same causes disqualify a selectman from sitting in the decision of a case which would disqualify him from acting as a juror in the cause. P. S., c. 45, s. 6. The objection to the competency of a juror by reason of his interest in the cause may be waived, and is waived by failure to object before the trial, unless the party appears to have exercised due diligence and failed to discover the objection in season. *Harrington v. Railroad,* 62 N. H. 77; *Ready v. Company,* 67 N. H. 147. A like objection to a judge may be waived when the statute does not make the proceedings void. *Moses v. Julian,* 45 N. H. 52, 54. In like manner a similar objection to a road commissioner may be waived. *Towns v. Stoddard,* 30 N. H. 23. So far as all parties to the original proceeding are concerned, who have not appealed, it may be presumed that they have waived the objection to the disqualification of one of the selectmen, if it exists. The plaintiff has upon his appeal full opportunity for a fair trial before an impartial tribunal. No good reason appears why the proceeding should be dismissed, and the

parties required to begin anew and bring the case to the court upon another appeal by the plaintiff, or upon the complaint of the petitioners for the refusal of the selectmen to lay the way. P. S., c. 68, s. 1. There is no objection to the sufficiency of the original petition. As mere failure of the selectmen to act would confer jurisdiction upon the court, error in the manner in which they acted cannot necessarily defeat that jurisdiction. The selectmen, although one of their number was interested, still had jurisdiction of the subject-matter. The objection that one individual of the board was interested is in effect an objection to their jurisdiction over the parties—an error for which a sufficient remedy is furnished by an appeal. *Crowell* v. *Londonderry*, 63 N. H. 42, 49; *Campbell* v. *Windham*, 63 N. H. 465; *Peirce* v. *Portsmouth*, 58 N. H. 311.

In a probate appeal, a disqualification of the tribunal appealed from is a sufficient ground for appeal—a reason why there should be a new trial; but such objection does not operate to quash the proceedings. In a highway appeal, the objection is immaterial as a ground why there should be a new trial, because the fact that the appellant (assuming that he has such interest as entitles him to appeal) considers himself aggrieved is sufficient ground to entitle him to a new trial upon appeal, without reference to the validity of the reasons which seem to him sufficient. P. S., c. 68, s. 2; *Northern R. R.* v. *Enfield*, 57 N. H. 508, 510; *Underwood* v. *Bailey*, 56 N. H. 187, 191. As a ground for a dismissal of the proceedings without a trial, the objection can have no more effect in a highway than in a probate appeal.

*Case discharged.*

All concurred.