Sullivan, }
April 2, 1912. }

### MERRILL, *Adm'r, Ap't, v.* PUTNAM.

An appeal from the allowance of a will is not to be dismissed merely because all interested persons were not properly made parties to the proceeding in the probate court.

PROBATE APPEAL, from a decree allowing the appellee to prosecute a petition for proof in solemn form of the will of Samuel Putnam. The appeal was dismissed in the superior court, and the plaintiff excepted. Facts found, and case transferred from the November term, 1911, of the superior court, by *Wallace*, C. J.

Samuel Putnam died in 1909, testate. Upon petition of his widow his will was proved in solemn form, but the statutory appointments of agents for non-residents and guardians for minors were not made. Immediately after the decree the widow filed a waiver of the provisions of the will in her favor and took her share in the estate under the statute. Abbie Putnam, who is a daughter of Samuel and the present appellee, then appealed from the decree allowing the will. The appeal was dismissed by the superior court because of the lack of appointment of guardians and agents. Thereafter Abbie sought to be substituted for her mother as petitioner in the probate court, and this appeal was taken from an order to that effect.

*John E. Allen* and *Charles H. Hersey*, for the plaintiff.

*Edward R. Buck* (of Vermont) and *Hurd & Kinney*, for the defendant.

PEASLEE, J. As the facts are understood, due notice of the proceeding to prove the will in solemn form was given in the first instance so as to bind all but minors and persons out of the state. This is conceded by the plaintiff in his last brief, wherein he recites that the usual notice was given. By that notice Abbie Putnam was made a party to the proceeding in the probate court. She entered a formal appearance when she appealed from the decree. Upon that appeal it was held in the superior court that the proceeding in the probate court was invalid for want of proper proceedings as to minors and non-residents, and the appeal was dismissed. The probate court then proceeded with proof of the will in solemn

form. A question arose as to the right to maintain the petition, and the present appeal is from an order on that question.

It was error to dismiss the first appeal because certain persons were not properly made parties to the proceeding in the probate court. *Adams* v. *Adams*, 64 N. H. 224. The rule is the same as in appeals from laying out highways. *Bickford* v. *Franconia*, 73 N. H. 194, and cases cited.

It is apparent that the case ought not to be sent back to the probate court. The first appeal should be brought forward upon the docket of the superior court, the order of dismissal should be stricken off, and the case should stand for trial upon its merits. It does not appear whether the defects in the original proceeding have been remedied, but apparently such is the fact. If further action to that end is necessary or advisable, it can be taken in the superior court.

It is now urged that the original petition was fatally defective because the widow was not "interested" in the will. The grounds for this contention are not disclosed, and the fact that the will contained provisions for the benefit of the wife shows that she could claim an interest under it. This was sufficient to give her a standing in the probate court.

*Case discharged.*

All concurred.